Dubose v. Dubose.

DUBOSE *vs.* DUBOSE.

[PARTIAL DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Widow's dower and distributive share of husband's estate.*—In estimating the widow's dower interest and distributive share of the estate of her deceased husband, the value of her separate estate is to be deducted, (Code, §§ 1991-92,) although it is greater than her dower interest alone; but less than her dower interest and distributive share added together.

APPEAL from the Probate Court of Dallas.

In the matter of the estate of William F. Dubose, deceased, on the application of Mrs. Louisa A. Dubose, who was the widow,and administratrix, for a distribution of the slaves and,other personal property. The commissioners, who were appointed to make the division, reported, that the value of the slaves ·belonging to the estate was $37,380; that the widow owned a separate estate, the value of which was $8,612; that they had therefore allotted to her slaves valued at $10,078, (being one half, less the value of ·her separate, estate,) and to Henry M. Dubose, the only child of the decedent, slaves valued at $27,302; and that the parties in interest waived a distribution of the other personal property belonging to the estate. The widow filed several objections and exceptions to the report, but the court overruled her objections, confirmed the report, and·rendered a decree accordingly; and its decree is now assigned as error. The commissioners stated, in their report, that the widow had already received her dower; and that fact was admitted, by agreement of counsel, in,this court.

JONA. HARALSON, for appellant.

GOLDTHWAITE, RICE & SEMPLE, contra.

A. J. WALKER, C. J.—We are in this case required to define the operation and effect of section 1992 of the Code. In construing that section, it will be necessary to examine the next preceding one. We therefore copy the two, in the following words:

"§ 1991. If any woman, having a separate estate, survive her husband, and such separate estate, exclusive of the rents, income and profits, and inclusive of the increase of slaves, is equal to, or greater in value than her dower interest and distributive share of her husband's estate, estimating her dower interest in his lands at seven years' rent of the dower interest, she shall not be entitled to dower in, or distribution of her husband's estate.

"§ 1992. If her separate estate be less in value than

her dower, as ascertained by the rule furnished by the preceding section, so much must be allowed her, as, with her separate estate, would be equal to her dower and distributive share in her husband's estate, if she had no separate estate."

The appellant has a separate estate, less in value than what would have been her dower and distributive share in the absence of a separate estate, but greater than the value of a dower interest in the estate.

It is contended on the part of the appellant, that, as her separate estate is less than dower and a distributive share, she is not within the operation of section 1991; that as her separate estate is greater than her dower, she is not affected by section 1992; and that she is, therefore, entitled to dower and distribution from her husband's estate, undiminished in consequence of her separate estate. It can not be denied that this position is unanswerable, if section 1992 is to be literally construed; for, standing upon the letter of the two sections, we find they include only the two cases, when the separate estate is equal to, or greater than the dower and distributive share, and when the separate estate is less than the dower. But we decide, that section 1992 is to be so construed as to apply to the case where the separate estate is less than the dower *and distributive* share; in other words, that the section is to be read as if the words "and her distributive share" were inserted immediately after the words " preceding section."

To sustain this decision, we invoke established rules of construction. The ascertainment of the legislative intent is the primary and cardinal object of construction, and the intention is to be sought by a comparison of all parts of the statute; and, if possible, such a construction is to be made, as will avoid inconsistency. When ascertained, the intention must prevail over the literal sense of the terms.— *Brooks v. School Commissioners*, 31 Ala. 227; 1 Kent's Com. 517, m. p. 462; Smith's Com. on Stat. and Con. Law, 662, § 515; *May v. Robertson*, 13 Ala. 86; *Wommack v. Holloway*, 2 Ala. 31; *Comm. v. Duane*, 1 Binn. 601;

Dubose v. Dubose.

Sedgwick on S. and C. Law, 237–238. It is to be considered, also, what are the effects and consequences of a law, if enforced according to its letter; and if the words, literally understood, bear either none, or a very absurd signification, we must, in the language of Blackstone, "a little deviate from the received sense of them."—1 Bla. Com. 61 ; Smith's Com. on Stat. and Const. Law, 550, §§ 518, 519, 523. "A statute is to be so construed as that it may have *a reasonable effect*, agreeably to the intent of the legislature." Judges, in construing laws, are to inform themselves of the previous state of the law, and the mischief to be remedied, and make such construction as will advance the remedy and suppress the mischief.—*Huffman v. State*, 29 Ala. 40 ; Sedgwick on S. and C. Law, 239 ; *Sprowl v. Lawrence*, 33 Ala. 674. And lastly, the intention of a law is often to be gathered from the cause or necessity of enacting it.— *Tennelee v. Hall*, 4 Comstock, 140 ; *People v. Utica Ins. Co.*, 15 John. Rep. 358, 380.

Sections 1991 and 1992 of the Code are not distinct laws, but are really parts of the same law, designed to apply to different cases involving the same question of right and justice. The principle of right and justice designed to be asserted was, that the wife's separate estate should be considered in determining the amount of her dower and distributive share of her husband's estate. The mischief to be avoided was the injustice of permitting a wife, having a *separate* estate, to receive dower and distribution to the liberal extent allowed by our general laws upon the subject; and it was the purpose of the statute to remedy that mischief. Two obvious cases, calling for an application of the remedy, are, where the wife's separate estate was equal to her dower and distributive share, and where the separate estate was less than her dower and distributive share. The same principle of justice would require that, in the former case, the wife should receive no dower or distributive share, and, in the latter, should receive dower and distributive share, diminished to the extent of her separate estate. The harmony and consistency of the two

16

sections can be preserved only by making that principle pervade both sections, and thus only is a consistent design to remedy the subsisting mischief preserved throughout the two sections. If the latter of the two sections is understood to apply only where the separate estate is less than the dower, it is at once placed in antagonism with the spirit which induced the enactment of the law; and besides, its operation leads to the grossest absurdity. A widow, having a separate estate less than dower, falling within the influence of the law, would have her dower and distributive share lessened by the amount of her separate estate; but if her separate estate was more than her dower, and yet less than her dower and distributive share, she would receive her dower and distributive share, undiminished on account of her separate estate. The absurdity would result, that when the separate estate increased above the amount of dower, the widow's share of her husband's estate would increase to the extent of an undiminished dower and distributive interest; and when the separate estate should be increased to an amount equal to the dower and distributive share, the widow would receive nothing from her husband's estate. The law would thus be a jumble of absurdities and inconsistencies; and the mischief to be remedied, and the intent of the legislature, would be lost sight of.

We think the rules of construction which we have collected above, are applicable to this case, and justify the construction which we have placed upon section 1992. The rule which section 1992 adopts, is this: To the separate estate is to be added such an amount from the dower and distributive share as will equal the dower and distributive share upon the hypothesis of there being no separate estate. If the widow receives her dower before the distribution of the personalty, she would be entitled only to so much of the personalty as, with the previously received dower, estimated according to the prescribed rule, would make, when added to her separate estate, a sum equal to dower and a distributive share in the absence of a separate

estate. The ruling of the court below is, in practical re-
sult, consistent with this exposition of the statute.

Affirmed.