# Guice, *et al. v.* Guice, *et al.*

## *Partition and Dower.*

(Decided March 2nd, 1907. 43 So. Rep. 199.)

1. *Descent and Distribution; Widow.*—Personal property is governed by section 1453, as to descent and distribution, unless there is surviving a widow, and in that case it is governed by section 1462.

2. *Dower; Widow; Effect of Separate Estate Upon.*—Under sections 1506 and 1507, Code 1896, if the surviving widow has a separate estate equal to or greater than her dower interest, when estimated at seven years rent of her dower in the land, added to her distributive share in the estate, she is not entitled to dower; but if her separate estate is less in value than her dower, as above estimated, added to her distributive share of the estate, then she is entitled to dower and distribution, diminished by the value of her separate estate.

3. *Words and Phrases; Construction.*—The words "distributive share," as used in our statutes of descent and distribution, refer as well to one, where there is only one distributee, as to more than one.

APPEAL from Barbour Chancery Court.
Heard before Hon. W. L. PARKS.

Suit by Stella D. Guice, for herself and as administratrix of Jason Guice, deceased, and another, against Julian Guice and others, for partition of real estate. From a decree disposing of the proceeds on a sale of the real estate, complainant Stella D. Guice appeals. Reversed and remanded.

Stella D. Guice, for herself and as administratrix of Jason Guice, deceased, filed her bill, in conjunction with T. R. Parrish, seeking to have a certain real estate, belonging jointly to T. R. Parrish and Jason Guice in his lifetime, sold for division and distribution among the joint owners, and for the setting apart of her dower interest in said half interest of Guice in said property. The bill sets forth that Jason Guice died, leaving no children and no father and mother, but leaving collateral heirs, whose names, ages, and places of residence are set out in the bill; that his estate is entirely solvent, his personal property being amply sufficient to pay all debts and claims against said estate; that Stella Guice is his widow, and that no dower has been alotted to her in these particular lands; that the property sought to be divided is owned jointly by said T. R. Parrish, who owns a half interest therein, and the heirs of Guice mentioned in the bill .subject to the dower life estate of the widow in the half interest owned by Guice at the time of his death. The bill prayed for a sale the payment to Parrish of his half interest, and to the heirs of Guice their part of the half interest owned by Guice, less such gross sum as the court might find was equivalent to the dower interest of the widow, taking into consideration her age and health at the time of the filing of the bill. Her age is alleged to be 50 years and her health is alleged to be good. A guardian ad litem was appointed for the minors, as prayed for, who denied every allegation of the bill and demanded strict proof. Some of the heirs filed a joint answer, admitting all the allegations of the bill, and prayed that the sale be made as soon as practicable. Certain other heirs filed a joint answer, admitting the allegations contained in the bill, except that the widow was entitled to dower, and aver as a reason therefor that the widow owned in

her own right, as her separate estate, at the time of the death of Jason Guice, exclusive of the rents, incomes, and profits therefrom, an estate greater in value than her dower interest and distributive share in and to her said husband's estate—that is to say, in the estate of Jason Guice—estimating her said dower interest in his lands at seven years' rent of the dower interest. They further aver that the total value of all the real estate owned by deceased at the time of his death did not exceed $15,000; whereas, the separate estate owned by the said widow at the time of his death, estimated as aforesaid, was of the aggregate value of $30,000 and upwards. The chancellor decreed a sale of the land for division, at the same time ordering a reference by the register to ascertain (1) the value of the statutory separate estate of the complainant, Stella Guice; (2) the value of the real estate of Jason Guice, deceased; (3) the value of the personal estate of Jason Guice, deceased; (4) the value of the dower interest of Stella D. Guice in the lands of Jason D. Guice, deceased, estimating her dower interest at seven years' rent of one-half of said lands; (5) the value of the distributed share of Stella D. Guice in the estate of Jason Guice, deceased. The register reported the statutory separate estate of Stella Guice to be $9,750, real estate owned by Jason Guice $11,435, personal property owned by Jason Guice $60,949. The dower interest of Stella Guice in the lands of Jason Guice was $2,873.32. The distributive share in the estate of Jason Guice is $60,949.05. The chancellor confirmed the report of the register, expressing as his opinion that the widow being entitled to all of the personal estate of her deceased husband, was not entitled to dower in the real estate, and was, therefore, not entitled to any portion or part of the proceeds of the sale of the real-estate heretofore had; and it was so ordered, adjudged, and decreed, and from this decree this appeal is prosecuted.

PEACH & THOMAS, and A. H. MERRILL, for appellant.
—It is our contention that section 1506 was enacted for the exclusive benefit of lineal descendants, and that

where there are no lineal descendants as in this case, there is no field for its operation.—*Jackson v. Isbell*, 109 Ala. 100; *Mueller v. Mueller*, 127 Ala. 364. Section 1453 fixes the descent. Section 1504 defines the dower and section 1505 fixes the quantity, while section 1506 seeks to defeat the widow's right of dower and is in derogation of the common law and should be strictly construed.—*Lock v. Miller*, 3 S. & P. 13; *Kirksey v. DuBose*, 19 lAa. 43; *Gunter v. Leckey*, 30 Ala. 591. Section 1464 allows her all the personal estate when her husband dies without lineal descendants.—*Nolen v. Doss*, 133 Ala. 259, and that irrespective of whether she has a separate statutory estate or not, and irrespective of its value.—*Mueller v. Mueller, supra*.

G. .L COMER, and SOLLIE & KIRKLAND, for appellee.— Under the influence of *Mueller v. Mueller*, 127 Ala. 364, it is clear that Mrs. Guice had no distributive share in her husband's personal estate. She took it all and this leaves the situation the same as if there had been no prsonal estate left by the deceased husband.

McCLELLAN, J.—Jason Guice died, leaving an estate consisting of real and personal property, but without lineal descendants. His widow, Stella D. Guice, survives. She possessed, at his death, a statutory separate estate greater in value that her dower interest, estimated as provided by section 1506 of the Code of 1896, but of less value than that of the personal property, and, of course, of less value than the aggregate value of the personality and such dower interest. The specific question propounded by this appeal is: "Does section 1506 deny, under these conditions, dower to this widow?"

Section 1462 adopts, as the rule governing the distribution of personal property of intestates, section 1453, except the widow, if there are no children, is entitled to the whole of it. Prior to the Code of 1896 the widow, where there were no children, or only one child was entitled to only one-half of the personal property left by the husband. Section 1505, 1506, and 1507 seem

to have come down, substantially without change, except as suggested by *Dubose's Case*, 38 Ala. 238, from the Code of 1852. Section 1505 fixes the extent of the dower interest, and sections 1506 and 1507 relate to the effect of the possession of a separate estate upon dower and distribution. It is manifest that sections 1506 and 1507 are not distinct laws. It is also apparent that, while they may work exceptions to the law of dower and distribution, as that law is found in sections 1505 and 1462 of the Code, they are parts of a harmonious system. Sections 1506 and 1507 assert the effect of two conditions upon the dower and distributive rights of a surviving widow. The former declares what shall be the effect when the value of the separate estate owned by the widow equals or exceeds in value the dower interest (estimated as therein provided) and the distributive share. The latter section declares what shall be done when the value of such separate estate is less than the value of the dower interest and distributive share. To state their meaning more clearly, the former (section 1506) directs that when the value of the separate estate of the widow, less rents, incomes, and profits, is equal to or greater than the sum of the estimated value of the dower interest and the value of the distributive share, then she is entitled to no right of dower in or distribution of her 'husband's estate. The latter (section 1507) directs that, when such separate estate is less than the sum of the values of the estimated dower interest and distributive share, she shall be allowed so much as will, when added to the value of her separate estate, equal the value of her estimated dower interest and distributive share.—*Dubose v. Dubose*, 38 Ala. 238.

The intent of the Legislature was to correct the injustice of allowing a widow the full bounty prescribed when she has in her own right a separate estate of greater or equal or less value than the personalty distributable to her and the dower interest as fairly estimated. This purpose appears plain. These sections do not contemplate a case where there is no possible dower interest, nor a case where there is no personalty to be distributed. But they do contemplate all cases where

there is present a surviving widow, an estate out of which dower may be taken and personalty distributed, and the widow possesses a separate estate. The absence of any one or more of these elements defeats the application of these statutes (sections 1506 and 1507) to such case.

The solicitors for appellant and appellees both urge upon the attention of this court the case of *Mueller v. Mueller*, 127 Ala. 356, 28 South. 465, as decisive, in some respects, of this appeal. In that case John L. Mueller died, leaving an estate consisting of personal property only. It was sought there to defeat distribution to the surviving widow by the application of section 1506, but this court very properly held such statute inapplicable. However, we are of the opinion that the court reached its conclusion, undoubtedly sound, upon an incorrect reasoning, viz., that the term "distributive share," as used in section 1506, can operate only where there is more than one distributee. We think this construction too narrow, and, besides, it practically reads into sections 1506 and 1507 the condition, not there written, that such sections shall not be applicable where there is not more than one distributee. "Distributive share" means the share a person takes of personal property in case of intestacy. Unquestionably it was within the legislative authority to set conditions upon dower and distribution to widows possessing separate estates, and we are unable to see how the conditions fixed by sections 1506 and 1507 make a case of conflicting provisions, requiring an effort at reconciliation. In order to justify the construction placed upon the term "distributive share" by *Mueller's Case, supra,* it must be held that by implication the enlargement of the widow's share of the personalty by Code 1886, § 1924, had the effect to alter, without reference, the theretofore, then, and now existing provisions of law re-enacted in sections 2354 and 2355 of that Code.

The decree of the chancery court is not in accord with the conclusions here announced, and must be reversed; and that court will proceed in the premises in

[McGaugh v. Davis.]

accordance herewith, to which end the cause is re-manded.

Reversed and remanded.

HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

TYSON, C. J., and DENSON, J. (dissenting.)—We hold the view that, as Mrs. Guice was entitled to the entire personal estate of her husband, sections 1506 and 1507 of the Code have no application, and, therefore, her quantum of dower interest is not, and cannot be, affected by them. Those sections only apply when the decedent leaves a child or children who "share" with the widow in the distribution of the husband's personal estate.—*Mueller v. Mueller,* 127 Ala. 364, 365, 28 South. 465.