TORRES, PLAINTIFF AND APPELLANT, *v.* RAMÍREZ, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Aguadilla in an Action for Malicious Prosecution.

No. 1258.—Decided May 17, 1915.

DAMAGES—MALICIOUS PROSECUTION—PLEADING—PRESUMPTION.—Damages which necessarily result from the acts complained of are termed general damages and may be shown under the common allegation *ad damnum,* for the defendant must be presumed to be aware of the necessary consequences of his conduct. But damages that do not necessarily flow from the acts complained of, though possibly attendant upon them, are denominated special damages and must be particularly specified in the complaint or the plaintiff will not be permitted to give evidence of them.

ID.—PLEADING.—Actual or compensatory damages may be shown under the general *ad damnum* clause, but special damages, such as loss of reputation,

credit and business, must be particularly pleaded if the party wishes to give evidence of them at the trial.

ID.—MALICIOUS PROSECUTION—MENTAL SUFFERING.—Mental anxiety and suffering flow naturally and directly from a malicious prosecution upon the charge of an infamous crime, the very foundation of such action being the indignity inflicted by the prosecution, and special allegations are unnecessary in such cases.

ID.—COMPLAINT—PRAYER—DEMURRER.—When a complaint alleges the facts relative to the damage caused and prays for general damages without specifying their nature or particularizing the same, it is not demurrable.

ID.—COMPLAINT—DEMURRER.—In the present case the complaint alleges ''that by reason of the facts in reference to the malicious prosecution above referred to, complainant Ramón Torres has been greatly injured in his person, name, reputation, and business.'' *Held:* That the averment was sufficiently succinct in the absence of a petition for greater particularity and that under all the American authorities the complaint is not demurrable.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for the appellant.

*Messrs. Reichard & Reichard* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The sole question raised in this case is the sufficiency of an averment of damages in a suit for malicious prosecution.

The court below sustained a demurrer to the complaint for lack of the averment of specific damages. The complaint is as follows:

''Now comes the plaintiff, through his counsel Martínez & Besosa, and represents to the court:

''1. That plaintiff is over twenty-one years of age, a property holder and resident of Aguada, defendant being also of age, a property owner and resident of Aguadilla.

''2. That on January 29, 1914, defendant José Ramírez Pérez appeared in the Municipal Court of Aguadilla and filed a sworn complaint against plaintiff Ramón Torres wherein he charged the latter with the commission of a crime of petty larceny.

''3. That upon said charge and on such date, plaintiff was arrested, it being necessary for him to furnish a bond to remain at liberty.

''4. That upon filing said complaint in said Municipal Court of Aguadilla on the above date, the defendant herein, José Ramírez Pérez, acted falsely, wantonly and maliciously, without any probable

cause, and perfectly knowing that it was uncertain and false that any such crime of petty larceny had been committed by said Ramón Torres; and therefore he intended to cause damage to the reputation and credit of the latter and 'to degrade Torres by making him appear before a court of justice to answer an information.

"5. That on February 24, 1914, a session was held by the Municipal Court of Aguadilla in the town of Aguada at which defendant (now plaintiff) was present, whereupon the said complaint set out in paragraph second of this complaint was read to defendant and denied by him; and the court, after hearing and considering the evidence, discharged the accused without costs.

"6. That by reason of the facts relative to said malicious prosecution, complainant Ramón Torres has been greatly injured in his person, name, reputation and business, and he considers that he suffered damage in the sum of $10,000.

"Wherefore, plaintiff prays the court to render judgment, after all legal proceedings have been complied with, sustaining this complaint and in consequence thereof to adjudge that defendant pay the plaintiff the sum of $10,000 as damages, with costs, disbursements and attorney's fees."

Respondent refers us to the case of *Díaz* v. *The San Juan Light & Transit Co.*, 17.P. R. R., 64, and to various sections in Cyc., namely, 26 Cyc., 74, 78; 13 Cyc., 13, 175. In *Díaz* v. *San Juan Light & Transit Co.* we said: "That the complainant should allege and prove the existence of a real and positive damage which has caused him losses in his person, in his property, or in his rights as derived from his relations to other persons." But we did not mean to imply thereby that a complaint would be demurrable which contained a general averment of damages, for the rest of the case shows the contrary.

The American law is summed up very well in a note to *Heirn* v. *McCaughan*, 66 Am. Dec., 603, as follows:

"Damages which necessarily result from the act complained of are termed general damages, and may be shown under the common allegation *ad damnum*, for the defendant must be presumed to be aware of the necessary consequences of his conduct. But damages that do not necessarily flow from the act complained of, though pos-

sibly attendant upon it, are denominated special damages, and must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them.''

Actual or compensatory damages may be shown under the general *ad damnum* clause, but special damages, and it has been held exemplary, must be particularly stated. 28 Cyc., 78. The general *ad damnum* clause to which the text refers is a general, broad claim to actual or compensatory damages the nature of which may be proved at the trial. 1 Cyc., 763.

*Donnell* v. *Jones,* 13 Ala., 90, 48 Am. Dec., 59, is an important case involving a wrongful attachment where the court pointed out that there was a distinction between general damages, or such as necessarily result, and particular or special damages, being such as really take place and are not implied by the law. In that case it was held that in an action for wrongful attachment, loss of reputation, credit or business, or withdrawal of particular customers, would be special damage. In a recent Montana case it was decided that mental anxiety and suffering flow naturally and directly from a groundless and malicious prosecution upon the charge of an infamous crime, the very foundation of such action being the indignity inflicted by the prosecution; and that special allegations on the subject are unnecessary. *Grorud* v. *Lossl,* 136 Pac., 1069, citing authorities. To the same effect are Sutherland on Damages, paragraph 418 *et seq.* and especially paragraph 421; Hale on Damages, paragraphs 93–95, p. 336; *Hawkins* v. *Collins,* 59 So., 694; *Oldfather* v. *Zent,* 41 N. E., 555.

It is clear from the authorities that if the complainant would, at the trial, offer proof of special damage the defendant must be notified thereof, and loss of reputation, credit, business and the like are such special damages. On the other hand, the authorities are equally clear that a complaint which sets out the facts of the malicious prosecution and succinctly alleges loss to reputation and business, contains a sufficient

averment of special damages. In *Lord* v. *Guyot,* 70 Pac., 684, the words sustained by the court were, "and the said action of the defendant harrassed, vexed and annoyed plaintiffs and likewise damaged and injured them in their reputation and business credit, all in the sum of twenty thousand dollars." In *Olson* v. *Haggarty,* 124 Pac., 145, the words upheld were, "and with intent to injure the reputation of plaintiff and for the purpose of causing her to be suspected of theft and to expose her to public hatred, contempt and ridicule." *Ten Cate* v. *Fansler,* 65 Pac., 376, and *Fine* v. *Navarre,* 104 Mich., 95, show also that similar succinct averments are sufficient in the absence of a petition for greater particularity. Greater particularity is not generally required than the words used at bar, namely, "That by reason of the facts relative to said malicious prosecution, complainant Ramón Torres has been greatly injured in his person, name, reputation and business." Under all the American authorities the complaint is not demurrable.

We have generally held that in actions for damages arising out of similar injuries, section 1803 of the Civil Code authorized us to award damages that naturally flow from an injury. *Zalduondo* v. *Sánchez,* 15 P. R. R., 216; *Díaz* v. *San Juan Light & Transit Co.,* 17 P. R. R., 64; *Parés* v. *Ruiz,* 19 P. R. R., 323. In *Guzmán* v. *Vidal,* 19 P. R. R., 841, the history of the legislation is reviewed, making it evident that section 1803 covers even cases that formerly could only be reached by a criminal prosecution by an injured person. There is nothing in the Civil Code or in the jurisprudence which would make a greater specification of damages necessary. From the foregoing considerations it follows that if a complaint expresses the facts of a wrong and makes a general claim for damages without specification of their nature or without particularizing the same, the complaint is not demurrable. If the complainant wishes to prove special damages at the trial, like loss of reputation, business, etc., he must allege the same. If the defendant wants greater par-

ticularity of any element of damages, he may obtain it in the proper way if, in the discretion of the court, to make his answer or prove his case, he is entitled to it. The courts are slow in requiring complainant to specify without an ample showing by defendant. In cases like the present greater particularity is rarely required.

The judgment must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.