**Angelyn G. TAYLOR, as Administratrix of the Estate of R. P. Taylor, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24486.**

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1967.

Rehearing Denied Feb. 2, 1968.

W. H. Albritton, Andalusia, Ala., Albrittons & Rankin, Andalusia, Ala., of counsel, for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Deene R. Goodlaw, Attys., Dept. of Justice, Washington, D. C., Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

RIVES, Circuit Judge.

The issue presented by this appeal is whether, under Alabama law, a widow may claim as a marital deduction for federal estate tax purposes a sum of money representing a commuted dower interest where there has been no request for or assignment of dower in the lands of the deceased husband. The district court held that Alabama law would not permit an automatic vesting of such a commuted dower interest, and we affirm.

R. P. Taylor, a resident of Anniston, Alabama, died intestate on April 12, 1958, leaving a widow, two children, and a gross estate of $220,293.29. Both personalty and realty were included in the estate. The widow, Angelyn G. Taylor, as administratrix of the estate, filed the appropriate estate tax return. Upon audit, the Commissioner of Internal Revenue assessed a deficiency of $5,121.32. The asserted deficiency resulted from the reduction of the claimed marital deduction, because of the existence of a separate estate of personalty in the widow.[1] Mrs. Taylor paid the assessment and filed a claim for refund, which was denied. She then sued in the district court for a refund of an alleged overpayment of estate taxes, in an amount subsequently agreed by the parties to be $5,121.32.

The computation by the government failed to include as a part of the marital deduction a value representing a statutory sum purportedly received in lieu of dower. The district court held that Alabama law had not vested such a statutory sum in the widow and that the computation by the government as to the widow's marital deduction was correct.

Section 2056 of the Internal Revenue Code permits a deduction from the gross

---

1. See Sec. 43 of Tit. 34, Code of Ala. (recomp.1958). That section can be understood only in light of Sec. 42 of that title.

"§ 43. *When separate estate less than dower and distributive share.—* If her separate estate be less in value than her dower, as ascertained by the rule furnished by the preceding section, and her distributive share, so much must be allowed her as, with her separate estate, would be equal to her dower and distributive share in her husband's estate, if she had no separate estate."

"§ 42. *Effect of separate estate on dower.—*If any woman having a separate estate survive her husband, and such separate estate, exclusive of the rents, incomes, and profits, is equal to, or greater in value than her dower interest and distributive share in her husband's estate, estimating her dower interest in his lands at seven years' rent of the dower interest, she shall not be entitled to dower in, or distribution of, her husband's estate."

estate, in an aggregate amount not exceeding fifty percent of the adjusted gross estate, of amounts equal to the value of nonterminable property interests passing from a decedent to his surviving spouse at the time of death.[2] That section was enacted to equalize federal estate tax effects in community property and common law jurisdictions.[3] The provisions of section 2056 are implemented in part by state law for determination of the existence and extent of relevant property interests.[4]

■ Alabama law provides that a widow such as Mrs. Taylor has a right to one-third of the personalty and a dower right to one-third of the real property of which her deceased husband was seized and possessed during his life and their marriage.[5] Such a dower right is to be included in the gross estate of a decedent[6] and is, to that extent, qualified for the marital deduction. However, dower rights recognized by Alabama law are life estates[7] and therefore do not satisfy the standards for inclusion in the marital deduction.[8]

This Court has held that money received by a spouse in lieu of her Alabama dower interest may be regarded as a nonterminable interest passing to the spouse from the decedent, and therefore will qualify for the marital deduction.[9] Other circuit courts have agreed when considering state dower laws similar to those of Alabama.[10]

When a widow has a separate estate, as here, Alabama law provides that the value of her distributive share and dower interest will be determined by allowing the widow so much as, with her separate estate, would be equal to her dower and distributive share if she had no separate estate.[11] The purpose of this statute is said to be the equalizing of treatment for widows having a separate estate and those having none. Guice v. Guice, 1907, 150 Ala. 552, 43 So. 199. The Alabama Supreme Court has refined the statutory operation so as to cause the personalty of the widow's separate estate to first be applied in reduction of her distributive share in the decedent's personalty and the real property in the widow's separate estate to first be applied to reduce the dower share in the husband's real estate. Merchants' National Bank of Mobile v. Hubbard, 1931, 222 Ala. 518, 526, 133 So. 723, 729, 74 A.L.R. 646. For purposes of implementing the requirements of section 43 (footnote 1, supra), Alabama law establishes a formula: the value of the widow's dower interest is to be estimated as seven years' rent of the dower interest.[12]

■ The district court noted that, in her original estate tax return, Mrs. Taylor did not claim as a part of her marital deduction any dower interest, "commuted" or otherwise. That claim was made after the Internal Revenue Service reduced the claimed marital deduction by deducting her separate estate, all of which was personalty valued at $7,143.98, from the value of her distributive share in decedent's personalty, such

2. 26 U.S.C.A. § 2056.

3. Jackson v. United States, 1964, 376 U.S. 503, 510, 84 S.Ct. 869, 11 L.Ed.2d 871; United States v. Stapf, 1963, 375 U.S. 118, 128, 84 S.Ct. 248, 11 L.Ed.2d 195.

4. Aldrich v. United States, 5 Cir. 1965, 346 F.2d 37; McGehee v. Commissioner of Internal Revenue, 5 Cir. 1958, 260 F.2d 818. See Morgan v. Commissioner of Internal Revenue, 1940, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035.

5. Tit. 16, Code of Ala., § 10; Tit. 34, Code of Ala., §§ 40(1), 41(3).

6. 26 U.S.C.A. § 2034.

7. Tit. 34, Code of Ala., § 40.

8. 26 U.S.C.A. § 2056(b).

9. United States v. Hiles, 5 Cir. 1963, 318 F.2d 56; United States v. Crosby, 5 Cir. 1958, 257 F.2d 515.

10. See First National Exchange Bank of Roanoke v. United States, 4 Cir. 1964, 335 F.2d 91; Dougherty v. United States, 6 Cir. 1961, 292 F.2d 331; United States v. Traders National Bank of Kansas City, 8 Cir. 1957, 248 F.2d 667.

11. Tit. 34, Code of Ala. § 43, supra note 1.

12. Tit. 34, Code of Ala. § 42.

share having been valued at $23,602.49. Mrs. Taylor then attempted to enlarge her marital deduction by arguing that since the government had, of necessity, resorted to section 43 (footnote 1, supra) to make the reduction, then the government was further required to accept a "commuted" dower value effect with regard to the realty in the estate.[13] That is in accord with the literal language of section 43, but it becomes of no benefit to the widow when her separate estate, altogether personalty, is applied in reduction of her distributive share in the decedent's personalty as required by the *Merchants' National Bank* case, supra.

A dower interest does not vest automatically in the widow on the death of her husband. Rather, a dower interest will be allocated only on the petition of the widow, heirs, or other interested parties.[14] We quote from the opinion of the district court in the present case.

"This Court concludes that the theory of the plaintiff in this case that §§ 42 and 43 of Title 34 of the Alabama Code operate to invest Angelyn G. Taylor, as the widow, with an absolute estate commuted into money, or its equivalent, in all cases where a widow has a separate estate, is untenable. This Court is clear to the conclusion that §§ 42 and 43 of Title 34, Code of Alabama, were enacted for the specific purpose of placing a widow with a separate estate in an equal position with the widow with no separate estate. These Alabama statutes operate only to equalize a widow's separate personal property with her distributive share of the husband's personal estate and also to equalize her separate real estate with the dower interest where such equalization is possible. Section 43 of Title 34 of the Alabama Code, 1940, does not require a commutation of the value of the

widow's distributive share and dower interests, but only requires (or allows), to the extent possible, that a widow who has a separate estate of her own— the value of which is less than the total of the values of her distributive share and her dower interest—shall receive interests in both personal and real properties which, when added to the values of her own separate estate, would equal the value of her distributive share and dower interest if she had no separate estate. Billingslea v. Glynn [Glenn], 45 Ala. 540; Dubose v. Dubose, 38 Ala. 238; Guice v. Guice, 150 Ala. 552 [43 So. 199]; Merchants National Bank of Mobile v. Hubbard, 222 Ala. 518 [133 So. 723, 74 A.L.R. 646]."

Those court decisions which have permitted the inclusion in the marital deduction of a statutory sum received in lieu of dower have resulted from circumstances in which allocation of dower interests had been requested and made. See United States v. Hiles and United States v. Crosby, supra note 9. Since no allocation of dower was requested by Mrs. Taylor, no statutory sum was received here in lieu of dower.

Title 34, Code of Ala. § 50 describes what the widow receives prior to the assignment of dower. That section provides for the widow a right of quarantine of the most recent residence and appurtenant plantation of the decedent. Such a right vested automatically upon the death of Mr. Taylor, to last until such time as the widow's dower interest might be assigned, if ever. Hale v. Cox, supra note 14, 200 So. at 776, recognizes that "either she or the heirs may have dower assigned and thereby quicken the right into a tangible asset. But they may be all satisfied for the widow to have only her quarantine rights in lieu of dower, allowing that right to remain intangible as long as she lives."

13. See United States v. Hiles and United States v. Crosby, supra note 9.

14. Hale v. Cox, 1941, 240 Ala. 622, 200 So. 772; Reeves v. Brooks, 1885, 80 Ala. 26.

Quarantine is an incident of dower and, like dower, it is a right which perishes with the death of the widow.[15]

The judgment is affirmed.

### ON PETITION FOR REHEARING

### PER CURIAM:

On petition for rehearing the appellant earnestly insists that this Court erred in its interpretation of Section 43, Title 34 of the Code of Alabama (quoted in footnote 1 of the Court's opinion), and that when the rights of the widow are governed by that section the ordinary rules governing assignment of dower are not applicable. With deference, we do not agree.

In speaking of that section as it appeared in earlier codes, the Supreme Court of Alabama has said:

"The rule which section 1992 (Code of 1852) adopts, is this: To the separate estate is to be added such an amount from the dower and distributive share as will equal the dower and distributive share upon the hypothesis of there being no separate estate. If the widow receives her dower before the distribution of the personalty, she would be entitled only to so much of the personalty as, with the previously received dower, estimated according to the prescribed rule, would make, when added to her separate estate, a sum equal to dower and a distributive share in the absence of a separate estate." Dubose v. Dubose, 1862, 38 Ala. 238, 242–243.

"Section 2381 of the Revised Code [Code of 1867] provides that if the separate estate be less than the dower and distributive share, so much shall be allowed as will make it equal. Does this mean that her separate estate shall deprive the widow of her life estate in a portion of the lands of her husband, and compel her to take the equivalent? The statute does not say so, nor is such an interpretation imperative. On the contrary, if she cannot have her life estate in the full proportion of the lands, she may take it in less, and if the heir insists on it, perhaps, must do so. Because she can not have a thousand acres for life, may she not have five hundred? The common law regards a life estate in lands as superior to an absolute estate in personal property, and favors dower. The statute prescribing an equivalent under certain circumstances is in restraint of dower, and should be strictly construed." Billingslea v. Glenn, 1871, 45 Ala. 540, 545–546.

We conclude that since no steps were taken to quicken the widow's right of dower into a tangible asset, the application of section 43 cannot take into consideration the value of dower, and that the widow retains her quarantine rights in lieu of dower. Hale v. Cox, 1941, 240 Ala. 622, 200 So. 772; Reeves v. Brooks, 1885, 80 Ala. 26.

The petition for rehearing is Denied.