235 So.2d 883

**BIRMINGHAM TRUST NATIONAL BANK,**
as Executor etc., et al.

**v.**

**Maggie C. COOK et al.**

**6 Div. 650.**

Supreme Court of Alabama.

March 19, 1970.

Rehearing Denied June 18, 1970.

McEniry, McEniry & McEniry, Bessemer, for appellants.

Huey, Stone & Patton, Bessemer, for appellees.

PER CURIAM.

Appellees filed their declaratory petition in the Circuit Court of Jefferson County, in Equity, Bessemer Division, to determine the rights of petitioner, Maggie C. Cook, to personalty of her husband's estate following her dissent from his will. This appeal is from a final decree which directs disposition contrary to appellants' version of the widow's rights.

The submission in the lower court was ·on an agreed statement of facts which here obtains. We will here set forth such agreement so far as we think is pertinent to a decision of the issue here assigned and argued. The assignments are all related and here argued together.

The widow by the will is given a life estate in the home place and also given the income and residue of the estate, which was placed in trust for her during the term of her natural life and upon her ·death to vest in certain beneficiaries.

The personal property of the estate at the time of decedent's death consisted of ·certain described items which had a total value of $54,224.07.

The widow owned at the time of her husband's death an interest in some real estate which had a value of $8,750 and certain personal property valued at $36,-000.

The question for decision in the lower court and here is whether or not such separate estate should be deducted from the $50,000 in accordance with the provisions of Title 34, § 43, Recompiled Code 1958. The trial court denied the deduction and held that the widow was entitled to the first $50,000 of the personal estate.

This section, *supra,* reads as follows:

"If her [the widow's] separate estate be less in value than her dower, as ascertained by the rule furnished by the preceding section, and her distributive share, so much must be allowed her as, with her separate estate, would be equal to her dower and distributive share in her husband's estate, if she had no separate estate."

What then is the meaning of § 18, Title 61, Recompiled Code 1958, reading as follows:

"The widow may, in all cases, dissent from the will of her deceased husband, and, in lieu of the provision made for her by such will, take her dower in the lands and such portion of the· personal estate as she would have been entitled to in case of intestacy; *except that if there are no children or their descendants and the personal estate exceeds fifty thousand dollars in value at the time of the return of the appraisement, the widow upon dissenting shall take the first fifty thousand dollars of the personal estate and the remainder thereof shall be distributed as provided for in the will.* If the will makes no provision for her, she may claim her dower and distributive share limited as,-herein provided without dissenting from the will." (Emphasis supplied.)

This § 18, *supra,* appeared in the Code of 1923 as § 10593, but without the italicized

exception, which was added by the legislature in 1932. Act No. 304, General Acts, Extra Session 1932, p. 307.

Prior to the 1932 amendment, a widow who dissented from her husband's will was entitled to take *all* her husband's personal property if there were no children (§ 7374, Code 1923; § 10, Title 16, Code 1940; and § 10593, Code 1923).

It is to be noted that the testator, Iva W. Cook, husband of appellee, the widow, died on January 30, 1967, leaving no children or descendants of children.

It has been definitely decided by this court in Chambless v. Black, 250 Ala. 604, 35 So.2d 348, that where there was present a surviving widow, an estate out of which dower could be taken and personalty distributed, and the widow possessed a separate estate, she was not entitled to all personal estate, notwithstanding that no children survived intestate. Reliance was had upon § 10, Title 16, Code 1940, which reads in pertinent part as follows:

> "The personal estate of persons dying intestate as to such estate, after payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; *except that the widow, if there are no children, is entitled to all the personal estate, * * *.*" (Emphasis supplied.)

See also Guice v. Guice, 150 Ala. 552, 43 So. 199, which was reaffirmed in Merchants' Nat. Bank of Mobile v. Hubbard, 222 Ala. 518, 133 So. 723, 74 A.L.R. 646.

In adopting the 1932 amendment, *supra,* we think the legislature was cognizant of our pronouncements in Chambless v. Black, *supra,* and in Guice v. Guice, *supra,* and the *pari materia* relationship of the several statutes mentioned in these two decisions. It well knew that under these holdings if the dower and personal estate had a value of one million dollars or more and the dissenting widow a separate estate of $35,-000, she would be entitled to all the personal estate less the value of her separate estate; or if the value of her separate estate equaled the value of the personal estate, she would not get any part of the personal estate.

The legislature in 1932 undertook to correct this situation by limiting the dissenting widow to a flat sum of $50,000 where there were no children or their descendants and the personal estate of the deceased husband exceeds $50,000 in value at the time of the return of the appraisement. We pretermit considering what calculations should be observed in arriving at the value of the estate. That question is not here presented. This fixation of a flat sum in some personal estates running into a million or more dollars might seem paltry and insufficient to meet the widow's accustomed living standards, while in other estates, as here, with a small margin, the fixed sum of $50,000 might seem too generous. But the legislature drew the line. We will not overreach our authority and disturb it. The fairness and wisdom of the line is addressed to the legislature and not to this court. Suffice to say that the legislature in our judgment gave a fixed sum, without deduction, to the dissenting widow in those personal estates in excess of $50,000.

We affirm the decree of the trial court, which held that the widow, in her dissent, was entitled to "the first fifty thousand dollars of the personal estate of the estate, without any deduction therefrom for and on account of the value of any personal and real property that she may own."

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD, and MADDOX, JJ., concur.