**Beverly W. RISHER, as Executrix of the Last Will and Testament of Benjamin B. Risher, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 6367-70.**

United States District Court,
S. D. Alabama, N. D.

Feb. 28, 1972.

W. McLean Pitts, Selma, Ala., for plaintiff.

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for defendant.

## OPINION AND ORDER

PITTMAN, Chief Judge.

The plaintiff, Beverly W. Risher, as Executrix of the Last Will and Testament of Benjamin B. Risher, Deceased, is seeking a refund of estate taxes in the amount of $2,471.35 plus statutory interest from the United States of America.

The case is submitted on a stipulation of facts hereinafter set out. It is agreed in paragraph 9 of the stipulation that the sole question at issue is the correct computation of the material deduction under the Internal Revenue Code of 1954, Section 2056.*

## FINDINGS OF FACT

### (STIPULATION OF FACTS)

1. Benjamin B. Risher died in Dallas County, Alabama, on or about May 9, 1965, leaving a Last Will and Testament dated July 17, 1963, wherein Beverly W. Risher was nominated Executrix, without bond, and on or about May 28, 1965, said Last Will and Testament of said decedent was duly admitted to probate and record in the Probate Court of Dallas County, Alabama, and Letters Testamentary issued by said Court to the said Beverly W. Risher. By decree of the Circuit Court of Dallas County, Alabama, said Estate was removed from the Probate Court of Dallas County, Ala-

---

\* SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) *Allowance of marital deduction.*— For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

\*    \*    \*    \*    \*

(c) *Limitation on aggregate of deductions.*—

(1) *General rule.*—The aggregate amount of the deductions allowed under this section (computed without regard to this subsection) shall not exceed 50 percent of the value of the adjusted gross estate, as defined in paragraph (2).

(2) *Computation of adjusted gross estate.*—

(A) *General rule.*—Except as provided in subparagraph (B) of this paragraph, the adjusted gross estate shall, for purposes of subsection (c) (1), be computed by subtracting from the entire value of the gross estate the aggregate amount of the deductions allowed by sections 2053 and 2054.

\*    \*    \*    \*    \*

bama, to the Circuit Court of Dallas County, Alabama, In Equity [1].

2. That Beverly W. Risher is the widow of Benjamin B. Risher, deceased. That the deceased Benjamin B. Risher and his wife, Beverly W. Risher, did adopt a son, Benjamin Josiah Risher, who was four (4) years of age at the time of the death of his father, Benjamin B. Risher, and which son, Benjamin Josiah Risher, was a devisee or legatee in the Last Will and Testament of his father, Benjamin B. Risher; that after Benjamin B. Risher executed his said Last Will and Testament on July 17, 1963, the said Benjamin B. Risher and his wife, Beverly W. Risher, did adopt another child, Diane Merle Risher, who was a minor two (2) years of age at the time of the death of her adopted father and she was not mentioned in the Last Will and Testament of her adopted father, Benjamin B. Risher.

3. The Circuit Court of Dallas County, Alabama, by decree dated August 12, 1965.[2] decreed that Diane Merle Risher was the lawful adopted child of Benjamin B. Risher, deceased, she having been adopted on April 24, 1964, which was a date subsequent to the date of the Will of said decedent, July 17, 1963, which said Will of said decedent made no provision for the contingency of an after-born or after-adopted child.

4. Subsequently, on December 30, 1969, the Circuit Court of Dallas County, Alabama, did enter a decree.[3]

5. Beverly W. Risher the widow of said decedent did not dissent from the Will and she elected to take under the Last Will and Testament of her deceased husband, Benjamin B. Risher.

6. The estate tax return (Form 706) for the estate of said decedent was duly and timely filed and the tax shown thereon to be due, in the sum of $8,589.30, was paid.[4]

7. For purposes of the marital deduction computation, the personal probated estate was shown to be $172,818.77 (total of schedules B, C and F on return). After subtraction of $116,847.69, which is the total of schedules J and K representing funeral and administration expenses and the debts of the decedent, $55,971.17 was the amount of personal property shown to be available for distribution. Upon audit, the total of schedules J and K was reduced to $116,608.41, thereby increasing the total available for distribution to $56,210.36. The above adjustment is not contested by the plaintiff in this lawsuit. The return showed that one-third (⅓) of this amount went to the after-adopted child, Diane Merle Risher, which sum was $18,657.06, leaving a sum of $37,314.11 for the widow, Beverly W. Risher, to which amount there was added $45,760.05 insurance that was made payable to the widow and $23.25 for a one-half (½) interest in five (5) shares of Affiliated Funds totaling $45,783.30, making the total amount passing to the widow for the marital deduction in the sum of $83,097.41, from which there was deducted Federal Estate Tax and State Inheritance Tax in the amount of $5,816.32, making the marital deduction in the net sum of $77,281.09.

8. Subsequently, the Internal Revenue Service audited the return and disallowed a portion of the marital deduction as a result of its determination that Title 34, Section 42 of the 1940 Alabama Code (Recompiled 1958) must be considered in computing the child's share of the distributable estate. The widow's separate estate was in the amount of $64,268.43, which was in excess of the amount that she would have been entitled to receive as her statutory distributive share from the estate of her husband. Thus, the Internal Revenue Service determined that the pretermitted

1. A copy of the Last Will and Testament of Benjamin B. Risher is marked Exhibit "A" attached to stipulation in file.

2. See Exhibit "B" attached to stipulation in file.

3. See Exhibit "C" attached to stipulation in file.

4. See Exhibit "D" attached to stipulation in file.

child would have been entitled to one-half of the amount available for distribution. This additional amount available to the child had the effect of reducing the amount available to the wife for purposes of computing the marital deduction. An estate tax deficiency in the amount of $2,494.50, was, therefore, determined.[5]

The estate paid this deficiency of $2,494.50, which included interest on June 3, 1968, and filed on or about January 22, 1970, a claim for refund in the amount of $2,471.35, plus statutory interest.[6] The claim for refund was disallowed. The Executrix subsequently filed this suit in the United States District Court.

9. The sole question at issue is the correct computation of the marital deduction under Section 2056.

10. The parties agree that depending on the resolution of the issues by the court any necessary recomputation will initially be prepared by the Internal Revenue Service and submitted to the plaintiff. If the parties are unable to reach an agreement concerning the proper amount of judgment to be entered, their differences will be submitted to the court for resolution. Thereafter, an appropriate form of proposed judgment will be submitted to the court.

## CONCLUSIONS OF LAW

To determine the proper amount that the widow, Beverly W. Risher, was entitled to as a material deduction, it is necessary to determine the share of her deceased husband's estate, Benjamin B. Risher, to which a pretermitted child, Diane Merle Risher, was entitled.

Code of Alabama, (Recomp.1958), Title 61, Section 10, provides that when there is a pretermitted child "such child [is] to take the same share of the estate of the testator as if he had died intestate." [7]

Code of Alabama, (Recomp.1958), Title 34, Section 42, further provides that if the widow has a separate estate ". . . equal to, or greater in value than her dower interest and distributive share in her husband's estate, . . . she shall not be entitled to . . . her husband's estate." [8]

Under the agreed facts in this case, the widow's separate estate was equal to or greater than her dower interest and distributive share in her husband's estate.

The plaintiff contends that Code of Alabama, (Recomp.1958), Title 34, Section 42, applies only to instances of dower. The court rejects this construction. The statute itself speaks of "greater in value than [her] dower interest and distributive share" and has been construed by the Supreme Court of Alabama to apply to separate computation of the widow's dower interest and her distributive share of the personal estate.[9]

---

5. See Exhibit "E" attached to stipulation in file.

6. See Exhibit "F" attached to stipulation in file.

7. § 10. *When child born or adopted after will takes as in case of intestacy.*— Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, or adopted after the making of his will, and no provision is made in the will in any way for such contingency, such birth or adoption operates as a revocation of the will, so far as to allow such child to take the same share of the estate of the testator as if he had died intestate.

8. § 42. *Effect of separate estate on dower.* —If any woman having a separate estate survive her husband, and such separate estate, exclusive of the rents, incomes, and profits, is equal to, or greater in value than her dower interest and distributive share in her husband's estate, estimating her dower interest in his lands at seven years' rent of the dower interest, she shall not be entitled to dower in, or distribution of, her husband's estate.

9. Merchants' National Bank of Mobile v. Hubbard, 222 Ala. 516, 518, 133 So. 723

In determining the child's interest in the husband and father's estate, these sections must be construed together. The fact that the widow could have, but did not, dissent from the will is of no consequence in determining the child's share.

■ The child's share must be determined before the will has a field of operation. Since the widow's separate estate was equal to or greater than her dower interest or distributive share of her husband's estate, the pretermitted child's interest would be one-half of the father's estate. Since there was a will which left all of the property to the widow, the will is not revoked,[10] and she did not dissent, therefore, under the will her share is the remaining one-half of her husband's estate.

■ The Internal Revenue Service correctly disallowed the portion of the marital deduction claimed by the widow, Beverly W. Risher. The marital deduction had been based on her receiving two-thirds of the husband and father's estate rather than one-half. This court is well aware that the Circuit Court, Dallas County, Alabama, the Fourth Judicial Circuit, State of Alabama, the State's highest trial court construed these statutes together with the will and awarded the pretermitted child one-third and the widow two-thirds. To the knowledge of this court, no Alabama Appellate Court has spoken directly on this question. The Dallas County Circuit Court decree was not appealed. This court is not bound by another trial court's interpretation of the state law in the absence of an authoritative ruling from the State Supreme Court.[11]

It is well to note that this court is only deciding the question of the marital deduction as presented by the case under submission. This decision is limited to the sole question of marital deduction under 26 U.S.C. § 2056 (Internal Revenue Code). This court does not intend by this decree in any way to sit as an appellate court nor reverse the Dallas County Circuit Court's decision on the distribution of the estate, two-thirds to the widow and one-third to the pretermitted child.

It is therefore ordered, adjudged, and decreed that the claim of the plaintiff should be, and is hereby, denied, and the court finds for the defendant, the United States of America.

Costs are taxed against the plaintiff.

---

(1931); Guice v. Guice, 150 Ala. 552, 555–556, 43 So. 199 (1907); also, see Cox v. United States, 421 F.2d 576 (5th Cir. 1970); Taylor v. United States, 388 F.2d 849 (5th Cir. 1967).

10. Toomer v. Van Antwerp Realty Corp., 238 Ala. 87, 189 So. 549, 553 (1939): "[b]y the letter and spirit of these statutes the will was not revoked *in toto*, but only in 'so far as to allow such child to take the same share of the estate' of the testatrix as if she had died intestate."
In Woodliff v. Dunlap, 187 Ala. 255, 65 So. 936 (1914), the court held that the pretermission statute was intended to have no effect upon other provisions of the will.

11. Commissioner of Internal Revenue v. Estate of Bosch, (1967), 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886:
". . . The State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State."