# Barnes *v.* Barnes.

## *Detinue.*

(Decided Nov. 29, 1911. 56 South. 958.)

1. *Gifts; Causa Mortis; Requisites.*—A gift causa mortis is a gift in expectation of death, then imminent, on the essential condition that the property shall belong fully to the donee in case the donor dies, leaving the donee surviving him, and in case the gift is not in the meantime revoked, but not otherwise, it being essential to the validity of such gift that the property be delivered to the donee either actually or constructively.

2. *Same.*—The evidence stated and held insufficient to establish a gift causa mortis, there being no change of possession, no endorsement on the paper, and no delivery in any way.

APPEAL from Dale Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by J. W. Barnes, as administrator of the estate of William Barnes, deceased, against Jesse Barnes. Judgment for plaintiff and defendant appeals. Affirmed.

H. L. MARTIN, for appellant. A valid gift may be made of a promissory note by delivery merely.—16 Ala. 221; 37 Om. Rep. 371; 44 Id. 53; 50 Id. 172; 20 Cyc. 1237. The delivery of a certificate of deposit is a valid gift of the money deposited.—105 Ala. 193; 93 Am. Dec. 517; 7 Cyc. 811; 14 N. W. 363; 27 L. Ed. 500.

J. E. Z. RILEY and W. L. PARKS, for appellee. The donee was not competent to testify that the donor gave him the certificate of deposit.—Section 4007, Code 1907. Certificate was not endorsed, the donee did not obtain the legal title, but such title passed to the administrator.—Section 4985, Code 1907; *Slaughter v. 1st Nat.*

*Bank,* 109 Ala. 158; *1st Nat. Bank v. Nelson,* 105 Ala. 194; *Blackmon v. Lehman-Durr,* 63 Ala. 555. A gift causa mortis is made subject to the payment of debts, and the title passes to the administrator for that purpose.—*Gaunt v. Tucker,* 18 Ala. 31. Being already in the possession of the certificate of deposit for safe keeping a delivery by endorsement, at the time of the gift or otherwise was necessary.—*Thomas v. Tilley,* 147. Ala. 195; *Wheeler v. Glasgow,* 97 Ala. 700; *Allen v. Allen,* 77 N. W.; 74 Am. St. Rep. 442. The gift on condition that *donor should never get back* was not a gift *inter vivos,* nor *causa mortis.*—20 Cyc. 1192, 1228; 1 Story Eq. Jur., Sec. 607a.; *Robertson v. Robertson,* 147 Ala. 315; 6 Mayf. sub. div. 18, 424; 54 N. H. 24, 37; 42 Am. Dec. 508; 94 N. C. 274; 55 Am. Rep. 601. The burden is on donee to show by clear and convincing proof a valid and effective gift; it is scarcely denied that the donor was of unsound mind at the time the gift is alleged to have been made.—*Thompson v. Tilley, et al.,* 147 Ala. 189; *Jones. v. Weakley,* 99 Ala. 447; *Wheeler v. Glasgow,* 97 Ala. 700.

SIMPSON, J.—This is an action of detinue, brought by the appellee, as administrator, to recover a certain certificate of deposit, issued by a bank in favor of said William Barnes.

The facts are that, while said William Barnes, deceased, was sick, the wife of the defendant, according to her testimony, picked up the certificate of deposit under the bed of said William Barnes, gave it to her husband, the defendant; that, when said Williams Barnes was about to be removed to Montgomery (for what purpose it does not appear), he called the defendant to his bedside, and said: "Jesse, they are going to take me away, and I don't want to go. I have decided

what I am going to do with all my papers; keep these, and if I never get back I give you half, and give Jesse the other half; give Jesse the other half."

Said witness testifies further that the "defendant offered to W. W. Barnes the paper back, and he said: 'No; you take them, collect the money, and if I never get back give Jesse half.' He said not to let anybody have them and collect the money, and 'if I never get back take half and give Jesse half. Divide it equally.' " Also that said William W. Barnes said to defendant, when he offered to return the certificate: "You keep them; I have been thinking for some time, for two weeks, to let you have the papers to take care of. You keep them; collect the money. You take your half, and give the other half to Jesse, provided I don't come back."

It is not shown whether William W. Barnes ever returned from Montgomery, nor when he died. This of itself shows that there is an entire failure of proof to sustain either a gift inter vivos or causa mortis; but, pretermitting the proof of the condition of the mind of said William W. Barnes, and admitting that the meaning of the intestate was that he expected to die at Montgomery, and that he did do so, the evidence is not sufficient to establish a gift causa mortis.

"A gift causa mortis is a gift of personal property made in the immediate apprehension of death, subject to the conditions, expressed or implied, that if the donor should not die, as expected, or if the donee should die first, or if the donor should revoke the gift before death, the gift should be void" (14 Am. & Eng. Ency. Law [2 Ed.] 1052) ; or a gift made "in expectation of death, then imminent, and upon the essential condition that the property shall belong fully to the donee, in case the donor dies, as anticipated, leaving the donee sur-

viving him, and the gift is not in the meantime revoked, but not otherwise."—20 Cyc. 1228.

It is essential to the validity of a gift causa mortis that the property be delivered to the donee, either actually or constructively.—20 Cyc. 1231; *Basket v. Hassell*, 107 U. S. 609, 2 Sup. Ct. 415, 27 L. Ed. 500. In the case just cited, the intestate, just before his death, indorsed upon a certificate of deposit the words: "Pay to M. B. of H., Ky.; no one else; then not till my death. My life seems uncertain. I may live through this spell. Then I will attend to it myself"—signed and delivered it to B., and it was held that B. acquired no title; the court saying: "A delivery, in terms, which confers upon the donee power to control the fund only after the death of the donor, when by the instrument itself it is presently payable, is testamentary in character, and not good as a gift."—107 U. S. 614, 2 Sup. Ct. 422, 27 L. Ed. 500.

Where the alleged donee of a gift causa mortis resided with the donor, and had a key to the office, and the donor stated to the donee that he gave him "all the office furniture," it was held that it was not enough that the donee had a previous and continuous possession. There must be a delivery at the time of the donation. "There was," says the court, "no visible change of possession, by symbol or otherwise."—*Allen v. Allen*, 75 Minn. 116, 77 N. W. 567, 74 Am. St. Rep. 442.

"Where a person delivers property to his own agent or bailee, and, without absolutely surrendering dominion over it, directs that, in the event of his death, it shall be delivered to an intended donee, the transaction is regarded as an attempted testamentary disposition."—*Smith v. Ferguson*, 90 Ind. 229, 46 Am. Rep. 216; *McCord v. McCord*, 77 Mo. 166, 46 Am. Rep. 9; *Walter*

*v. Ford,* 74 Mo. 195, 41 Am. Rep. 312; *Walsh's Appeal,*
122 Pa. 177, 15 Atl. 470, 1 L. R. A. 535, 9 Am. St. Rep.
83; *Drew v. Hagerty,* 81 Me. 231, 17 Atl. 63, 3 L. R. A.
230, 10 Am. St. Rep. 255.

In the present case, there was no change of possession,
no indorsement of the paper, nor delivery in any way.
The language of the intestate showed that he merely
permitted the alleged donee to retain the possession of
the paper for the donor, and authorized him, in the case
the donor failed to return from Montgomery (even if
that meant in case of his death), to collect the amount
due on the certificate of deposit, retain half of said pro-
ceeds, and deliver the other half to the son of the intes-
tate.. This was not a gift causa mortis. The adminis-
trator of William W. Barnes was entitled to the pos-
session of the certificate of deposit, and the court prop-
erly gave the general affirmative charge in favor of the
plaintiff.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, MCCLELLAN, MAYFIELD, SAYRE, and SOMER-
VILLE, JJ., concur. DOWDELL, C. J., not sitting.