(118 So. 391)

**HERRING et al. v. ELLIOTT.** (6 Div. 119.)

Supreme Court of Alabama. Oct. 18, 1928.

204

Clarkson & Penick, of Tuscaloosa, for appellee.

BOULDIN, J. The appeal is to review a decree in equity upon final settlement of the e .tc of Edgar Lee Elliott, deceased. The inquiry of first importance is whether a deposit of $1,492.78 on savings account in Birmingham Trust & Savings Bank of Birmingham was a part of the estate of deceased, or was the property of Roberta King and Beatrice Herring, his daughters by a former marriage. These daughters claim this deposit by virtue of a gift causa mortis.

A gift causa mortis is one made in apprehension of the near approach of death, to be effective in case of death without revocation. There must be delivery, actual or constructive, to the donee, or some agent or trustee of the donee, a parting with the dominion over the subject of the gift. Barnes v. Barnes, 174 Ala. 166, 56 So. 958; Jones v. Deyer, 16 Ala. 221; Reedy v. Kelley, 206 Ala. 132, 89 So. 275.

In case of a savings bank deposit, a symbolical delivery may be made by actual delivery of the passbook, accompanied by words or acts clearly expressive of an intent to make such gift: Jones v. Weakley, 99 Ala. 441, 12 So. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84; Goodson v. Liles, 209 Ala. 335, 96 So. 262.

The evidence without conflict clearly shows it was the purpose of the father that this fund should go to these two daughters. Did he take such legal steps to this end that his purpose can be accomplished? Some time before his death, while still about his occupation, he informed Mr. Elliott, his son-in-law; of such intention. About a month before his death, decedent wrote and placed in his purse the following writing:

"4—25—1926 my will is for the money in the Birmingham Trust & Saving Bank in Birmingham Ala is to be divided between Roberta

Windham & Countryman, of Birmingham, for appellants.

King & Beatrice Herring my daughters the remainder of my estate goes to my wife.

"E. L. Elliott."

Soon thereafter he said to his wife, Margaret Elliott:

"If anything should ever happen to me there is a note in my purse that might be of help to you."

The passbook was never delivered to the donees, nor to any agent or custodian for them, but remained under his control. The written note was not delivered to them, nor does it appear it was intended to be. Indeed, this writing must be considered as testamentary in character. It purports to dispose of all his estate. We cannot assume he intended it to have one meaning as to this fund and another as to the balance of the estate he willed to his wife. Not being duly executed to have effect as a will, and the facts not supporting a gift causa mortis, we must hold this fund became a part of his estate, subject to administration.

The estate of decedent consisted of personalty only. There was no real estate from which his widow was dowable. She owned a separate estate in personalty. Inclusive of life insurance payable to her, this separate estate aggregated $4,000. The total estate of decedent for distribution, after setting apart exemptions to the widow and minor child, and after payment of the debts and charges of administration, was $1,250.25.

Appellants insist that in such case the widow is not entitled to share in the distribution, but is barred under Code, § 7429. Speaking of this section and accompanying section 7430 in Guice v. Guice, 150 Ala. 552, 43 So. 199, this court said:

"These sections do not contemplate a case where there is no possible dower interest, nor a case where there is no personalty to be distributed. But they do contemplate all cases where there is present a surviving widow, an estate out of which dower may be taken and personalty distributed, and the widow possesses a separate estate. The absence of any one or more of these elements defeats the application of these statutes."

We do not see any good reason why the law should be so written as not to apply to a case of the class before us. But Guice v. Guice, supra, has stood unreversed for 20 years. Meantime the statutes have been twice recodified without change. A law of descent is a law of property. The rule above quoted must be now considered a rule of property. Accordingly, we hold the widow entitled to share in the distribution.

The sum of $1,000 was properly set apart as exempt to the widow and posthumous child of decedent under Code, § 7922. The minor grandchild, even though an orphan, could not share in this exemption, whether a member of the family or not. The case of Phillips v. Lawing, 150 Ala. 186, 43 So. 494, dealing with the general statute of distribution of the personal estate, now Code § 7374, has no application.

By section 4200, Code of 1907, this $1,000 exemption was to be credited upon the distributive shares of the widow and minor on final settlement. This provision is omitted from section 7922, Code of 1923. The necessary effect is the repeal of such provision. The matter is wholly statutory, and, in the absence of such provision as appeared in the Code of 1907, it is no longer the law.

Clearly, from the evidence, Mrs. Elliott, the widow, within a few days after the death of her husband, summoned Mrs. Herring and Mrs. King, daughters of the first marriage, produced the note that had been left by the husband, declared her purpose to carry out his wish, and turned over to them the passbook containing the savings bank account. We cannot question that it was then her purpose to pass title to this savings deposit, in so far as she had power so to do.

True, she could not pass title as against creditors and the other heirs, but she could give her own interest in this fund. Delivery of the passbook, with the intent to pass title, was sufficient to perfect the gift. That her motive was to carry out the wish of her husband, and that she may have been mistaken in her authority to fully accomplish that result, does not avoid the effect of what she did within her authority. It was in the nature of a family settlement, favored in equity, and tending to maintain good relations.

The court correctly held the passbook must be surrendered that the fund be properly distributed, but was in error in decreeing that the donees had no interest except as distributees. The balance for distribution was less than the amount of this fund. The decree awarding Mrs. Margaret Elliott one-fifth, viz. $250.05, was error.

The decree will be here corrected, striking out that feature, and dividing said sum between complainants, Mrs. King and Mrs. Herring, making their shares $375.07 each. The costs of appeal will be apportioned, one-half to be paid by appellants and one-half by appellee, Mrs. Margaret Elliott.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.