(130 So. 67)

**BORTON v. BORTON.**

8 Div. 135.

Supreme Court of Alabama.

June 5, 1930.

Rehearing Denied Oct. 9, 1930.

Eyster & Eyster and Tennis Tidwell, all of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellee.

FOSTER, J.

We agree with what we conceive to be a presumption well supported by authority that on the death of the ancestor the fee of his lands descends to the heirs, in pursuance to the laws of inheritance, unless such descent is shown to have been interrupted by a devise. 9 R. C. L. 9; 18 C. J. 805. It is not necessary therefore to aver intestacy, as that condition will be presumed, the contrary not appearing.

We are now firmly committed to the view that in setting up undue influence as an

equitable ground to cancel a deed, it is sufficient to aver in general terms that the deed was the result of undue influence of the persons named. Cox v. Parker, 212 Ala. 35, 101 So. 657, and authorities cited. We have no disposition to review that subject.

The bill undertakes to have the benefit of section 7429, Code, to the effect that separate estate of a widow shall be taken into account in awarding to her dower and distribution in her husband's property. The bill shows that decedent left both lands and personalty (assuming that the gifts to the widow are vacated), and therefore section 7429, supra, applies. Herring v. Elliott. 218 Ala. 203, 118 So. 391. This section when it applies is a limitation on the widow's distributive share under section 7374. But the fact that complainant prays for more than he is entitled does not render the bill subject to demurrer, when the facts alleged show that he is entitled at least to a part of the relief especially embraced in the prayer. Sims Chancery Practice § 287 et seq., 428; McDonnell v. Finch, 131 Ala. 85, 31 So. 594.

Our conclusion is that the court properly held that the bill in this case was not subject to demurrer on account of any matters we have discussed. We conclude that they are the only questions argued by appellant's counsel, which need treatment.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.