**Beverly W. RISHER, as Executrix of the Last Will and Testament of Benjamin B. Risher, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 72-1676
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1972.

---

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1

W. McLean Pitts, Selma, Ala., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., Charles S. White-Spunner, U. S. Atty., Mobile, Ala., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This appeal involves the question whether the district court correctly determined the amount of the marital deduction allowed by the Internal Revenue Code of 1954, § 2056.[1] The Commissioner assessed a deficiency of $2,494.50 in the estate tax paid. This deficiency was paid and the estate then brought this action seeking a refund of taxes paid under protest. The Commissioner denied the refund, and his action was upheld by the district court, 339 F.Supp. 484. We affirm.

Benjamin B. Risher (decedent) died testate in Dallas County, Alabama, in May 1965. His will made provision for his widow, Beverly W. Risher, as well as for his four year old adopted son, Benjamin Josiah Risher. The will, however, did not provide for two year old Diane Merle Risher, who was adopted after execution of the will. The Alabama pretermitted heir statute, Code of Ala., Tit. 61, § 10, was thus brought into play. This statute provides:

> "Whenever a testator has a child . . . adopted after the making of his will, and no provision is made in the will in any way for such contingency, such birth or adoption operates as a revocation of the will, so far as to allow such child to take the same share of the estate of the testator as if he had died intestate."

The operation and effect of this statute create the problem in this case.

The will was admitted to probate in the Circuit Court of Dallas County in May 1965. By a decree issued in August 1965, and a subsequent decree is-

---

1. § 2056. Bequests, etc., to surviving spouse

(a) Allowance of marital deduction.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

\* \* \* \* \*

(c) Limitation on aggregate of deductions.—

(1) General rule.—The aggregate amount of the deductions allowed under this section (computed without regard to this subsection) shall not exceed 50 percent of the value of the adjusted gross estate, as defined in paragraph (2).

(2) Computation of adjusted gross estate.—

(A) General rule.—Except as provided in subparagraph (B) of this paragraph, the adjusted gross estate shall, for purposes of subsection (c) (1), be computed by subtracting from the entire value of the gross estate the aggregate amount of the deductions allowed by sections 2053 and 2054.

sued in December 1965, the probate court held that the pretermitted child was entitled to an undivided one-third interest in the personal property left. by the decedent and that the widow was entitled to the other two-thirds of this property.[2] This conclusion was reached by applying the Alabama intestacy statute dealing with the distribution of personal property. Code of Ala., Tit. 16, § 10.[3] The probate court expressly refused to apply Title 34, § 42 of the Alabama Code in computing the shares which the pretermitted child and the widow were entitled to take.[4] This latter statute provides:

> "If any woman having a separate estate survive her husband, and such separate estate, . . . is equal to, or greater in value than her dower interest and distributive share in her husband's estate, . . . she shall not be entitled to dower in, or distribution of, her husband's estate."

If the probate court had applied this statute in determining the shares of the widow and the child, a different result would have been reached. Assuming for the moment that the widow's separate estate was in excess of her dower and distributive share, the widow would not have been entitled to any property on decedent's intestate death. Code of Ala., Tit. 34, § 42; Wadsworth v. Miller, 103 Ala. 130, 15 So. 520 (1894); Beck v. Karr, 209 Ala. 199, 95 So. 881, 882 (1923). Consequently, the pretermitted child would have been entitled to one-half of the decedent's personal property under the intestacy statute, and thus entitled to one-half of the property under the will through the . operation of the pretermitted heir statute which allows the pretermitted child to take the same share of the testator's estate "as if he had died intestate." Tit. 61, § 10, *supra.*

When the widow, as executrix, filed the federal estate tax return, she relied on the decision of the probate court in calculating the marital deduction. The return was filed and the tax paid. This return was subsequently audited, and the Internal Revenue Service decided that the widow had erroneously calculated the marital deduction. This decision rested on the conclusion that Title 34, § 42 of the Alabama Code was applicable and that the widow's separate estate of $64,268.43 exceeded her dower and statutory distributive share. As noted, the interplay of this statute with the pretermitted heir statute under these circumstances would result in the widow taking one-half of decedent's personalty under the will, rather than two-thirds as held by the probate court. For purposes of the estate tax, distribution of the estate in this manner would cause a corresponding decrease in the allowable mari-

---

2. The pretermitted child, Diane M. Risher, was also awarded an undivided one-half interest in all of the real estate in which decedent owned an interest at his death, subject to the widow's homestead rights. However, the only problem in this case arises with respect to decedent's personal property, which by his will, was to go to his wife, Beverly W. Risher. The will made provision for decedent's son to receive an interest in certain real property of the decedent.

3. This statute provides:
   "The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one-half; if more than one, and not more than four, children, to a child's part; and if more than four children, to one-fifth."

4. We should point out that even though we are discussing the intestacy statutes, we do so only to determine the share which the pretermitted child takes under the will by operation of the pretermission statute. As the district court noted, "The [pretermitted] child's share must be determined before the will has a field of operation." For this reason, it is necessary to determine the manner in which the intestacy statutes affect the distribution of a decedent's property.

tal deduction and hence an increase in the tax due.

■ On appeal, the estate asserts that in computing the pretermitted child's share of the estate for the purpose of determining the marital deduction under § 2056, the Internal Revenue Service should not have applied Title 34, § 42. Appellant reasons that since the widow did not dissent from the will, and since the pretermitted heir statute does not work to revoke the will, this statute is not applicable because it is an intestacy statute. *See* Toomer v. Van Antwerp Realty Corp., 228 Ala. 87, 189 So. 549, 553 (1939). The crux of appellant's argument is that the distribution of the estate had already been determined by an Alabama probate court which had refused to apply this statute.

We reject this contention. In Commissioner v. Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967), the Supreme Court stated the controlling principle:

"[T]he State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State."

We have not been cited and independent research has not disclosed an Alabama Supreme Court decision dealing with the application of Title 34, § 42, in circumstances even similar to those present in the instant case. Thus, the principle of *Bosch* is sufficient to dispose of appellant's first contention. *Accord*, Cox v. United States, 421 F.2d 576, 580 (5th Cir., 1970). In addition, examination of the relevant Alabama statutes and case law discloses that the district court was on solid ground in its interpretation of Alabama law. Title 61, § 10, provides that a pertermitted heir's share of the estate will be "the same share of the estate of the testator as if he had died intestate." The statute thus compels determination of the distribution of the estate *as if* the testator had died intestate.

"The statute [Tit. 61, § 10] does not declare that she died intestate, or that her estate shall be administered as the estate of an intestate, nor does it declare that the statute of descent and distribution shall control the passing of the title to the property. [The statute] merely sets up the statutes of descent and distribution as the standard and yard stick by which the share of the pretermitted child shall be measured . . . ."

Toomer v. Van Antwerp Realty Corp., 228 Ala. 87, 189 So. 549, 553 (1939); *accord*, Boackle v. Bloom, 272 Ala. 490, 132 So.2d 586 (1961). If the decedent had died intestate, Title 34, § 42 would have been applicable because it operates as a limit on Title 16, § 10, the intestacy statute dealing with personalty. Borton v. Borton 221 Ala. 544, 130 So. 67, 69 (1930). Under Title 34, § 42, if a wife's separate estate exceeds her dower and distributive share, she takes nothing from her husband's estate on his intestate death and will not share in the distribution of his estate. Wadsworth v. Miller, 103 Ala. 130, 15 So. 520 (1894); Beck v. Karr, 209 Ala. 199, 95 So. 881 (1923). Therefore, if the decedent had died intestate in the instant case the two children would have shared equally in the estate because the widow's separate estate was in excess of her dower and distributive share, and Mrs. Risher would not have been entitled to share in the distribution. It follows then that the pretermitted child would be entitled to one-half of decedent's personalty before reference to the provisions of the will. Code of Ala., Tit. 61, § 10. Toomer v. Van Antwerp Realty Corp., *supra*. The widow would be entitled to the other one-half under the decedent's will. It is this share which must be used to compute the marital deduction for federal estate tax purposes.

■ Suffice to say that the district court properly considered the Alabama

statutes as providing an interrelated scheme for the distribution of a decedent's property; proper application of Title 61, § 10 requires consideration of all the statutes which come into play when one dies intestate.

The estate also urges that the district court misinterpreted the stipulation regarding the value of the widow's separate estate [5]—that it was construed by the court to mean that her separate estate exceeded her dower and distributive share while the stipulation only stated that her separate estate exceeded her distributive share.

As the appellee concedes in its brief, the stipulation could have been "more artfully drawn." Nevertheless, reference to the record discloses no misunderstanding between the parties; indeed, there was no question raised below concerning the meaning of the stipulation either before or after judgment was rendered. Furthermore, calculation based on the record concerning the possible value of the widow's dower interest reveal that this interest plus the widow's distributive share do not exceed the stipulated value of the widow's separate estate.

We are not inclined to disturb the district court's interpretation of a stipulation agreed upon by the parties during pretrial proceedings and approved by the court. Likins-Foster Monterey Corp. v. United States, 308 F. 2d 595, 599 (9th Cir., 1962); L. A. Wood & Co. v. Taylor, 154 F.2d 548, 550 (5th Cir., 1946). *See also,* Henry v. Commissioner of Internal Revenue, 362 F.2d 640 (5th Cir., 1966); Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir., 1964); United States v. Redding Co., 289 F.2d 7 (3rd Cir., 1961); United States v. 133.79 Acres of Land, 313 F. Supp. 697 (W.D.Ark., 1970).

The judgment of the district court is affirmed.

---

5. The relevant portion of the stipulation reads:

"The widow's separate estate was in the amount of $64,268.43, which was in excess of the amount that she would have been entitled to receive as her statutory distributive share from the estate of her husband."