268 So.2d 788

**Clydie B. JAY**

v.

**W. A. JAY, Individually and as Executor, etc., et al.**

**1 Div. 706.**

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 16, 1972.

John M. Coxwell and Nicholas S. Hare, Monroeville, for appellant.

Windell C. Owens, Monroeville, Broox
G. Garrett, Brewton, for appellees.

SOMERVILLE, Justice.

This appeal seeks a review of those portions of a decree of the Circuit Court of Monroe County, in Equity, establishing appellant's rights in the estate of her deceased husband.

The appellant Clydie B. Jay is the widow of W. M. Jay; the appellee W. A. Jay is executor of the estate of W. M. Jay, and is a brother of said decedent, and appellees Stinson Jay and W. C. Jay are sons of W.

A. Jay. The will of W. M. Jay designated the appellees as beneficiaries and made no provision for or mention of appellant. The decedent left personal property and some 390 acres of land in Monroe County, Alabama on which he resided and conducted a cattle farming operation.

By decree dated December 10, 1968 appellant and W. M. Jay were divorced. He died in January, 1969 and his will was probated and appellee W. A. Jay was appointed as executor.

On January 2, 1970 the appellant filed her bill of complaint against the appellees asking that the decree of divorce severing her marriage with W. M. Jay be set aside for fraud and duress in its procurement and that her rights in the estate of W. M. Jay including quarantine, dower and homestead be established. The appellees filed an answer and cross bill alleging among other things, a settlement. Appellant answered the cross bill and later amended her bill of complaint. Testimony was taken orally before the court on several occasions.

On July 21, 1970 the trial court set aside the December 10, 1968 divorce decree, holding it null and void, nunc pro tunc, as having been procured through fraud. The trial court also reserved the cause for determination of other issues and ordered appellee W. A. Jay as executor of the estate of W. M. Jay to file a complete inventory of the assets of said estate. Upon motion of appellant, the executor W. A. Jay filed his accounts for final settlement of the estate. Appellant filed objections to the accounting, some of which were sustained and others dismissed on a hearing of those issues. On June 22, 1971 the trial court entered its Amended Final Decree establishing the rights of appellant as the widow of W. M. Jay, passing on the accounts of the executor and determining that the widow owed the executor a balance of $970.90. The decree further directed the Register of the court to secure the services of competent persons to make an allotment of the homestead and assign dower in the remaining land to the widow. By further Amended Final Decree the court taxed the costs of the proceedings one-half against the appellant and one-half against the appellees.

The appellant assigned seventeen separate errors allegedly committed by the trial court. These can be grouped and summarized briefly as follows:

(1) Error in refusing to allow the widow her rights of quarantine; (2) error in dividing certain oil lease rentals and certain payments from the U. S. Department of Agriculture equally between the widow and the executor; (3) error in the court's findings as to the rental value of the lands of the estate and the apportionment of such rentals; (4) error in allowing the executor credits for certain expenses paid after the death of W. M. Jay including partial credit for expenses for wire, posts, fences, and handling the cattle operation from January 1, 1970 to May 25, 1971; (5) error in instructions to the Register as to *the manner of determining the extent of* the homestead allotment; (7) error in allowing the executor credit for expenses for which he produced no supporting vouchers; and (8) error in taxing one-half of the court costs to appellant.

█ The voiding of the divorce decree, nunc pro tunc, has the effect of returning the parties to the status they held immediately prior to the rendering of the void decree and dates from that point in time. Consequently, the appellant is and at all times has been the lawful widow of W. M. Jay from the instant of his death. In view of such status of the widow under § 50, Title 34, Code of Ala.1940, Recomp.1958, as we interpret it, appellant is entitled to full rights of quarantine in the dwelling house where her late husband resided immediately before death, with the appurtenant buildings and the plantation connected therewith from the moment of his death until such time as her dower be assigned. It follows that under the provisions of said § 50 the appellant is entitled to the rents

and profits of the homestead and the plantation connected therewith, regardless of area. Smith v. Persons, 285 Ala. 48, 228 So.2d 806; Hale v. Cox, 240 Ala. 622, 200 So. 772; Callahan v. Nelson, 128 Ala. 671, 29 So. 555; Reeves v. Brooks, 80 Ala. 26.

Consistent with the above holding we find that the trial court erred in ignoring appellant's right of quarantine and in dividing the oil lease rentals, the U. S. Department of Agriculture payments and the rentals on pasture and croplands used by appellees for two and one-half years. Appellant as widow was entitled by law to the full amount of rents and profits from the land during quarantine. As to the trial court's determination of the fair rental value of the deceased's lands, such was a matter within the sound discretion of the court below and will not be disturbed on appeal.

■ Appellant argues in brief that the appellee, W. A. Jay, as executor, should not have been allowed credit for expenses incurred by him in continuing the cattle farming operation conducted by the decedent. The basis of this argument is that W. A. Jay as executor was not specifically authorized by the will or by court order to carry on such business operation. Appellant cites Webb v. Webb, 250 Ala. 194, 33 So.2d 909, as authority for her contention. We cannot agree that *Webb* supports her argument. To the contrary, *Webb* recognizes a distinction between those actions which benefit the estate and those which are not in fact beneficial to the estate. Dr. Webb's estate was not allowed credit for the purchase of equipment and supplies used solely for his benefit and not for the benefit of the estate he was administering. On the other hand the court in *Webb* allowed credit to Dr. Webb, as executor, for the purchase of building materials used to make permanent repairs to buildings on the property of the estate of his testator. Although not authorized by will or court order to carry on the business of the decedent, Dr. Webb was allowed credit for carrying on such business in good faith.

He was disallowed credits involved in starting a new business which the decedent had not engaged in.

■ While the distinction between the *Webb* case and the instant case is somewhat narrow, we cannot say as a matter of law and in light of the trial court's findings that any expenses incurred by the executor were not of actual benefit to the estate of Jay. Section 4, Title 58, Code of Ala.1940, Recomp.1958, is to the effect that a trustee or executor is entitled to repayment of all expenses properly incurred in the performance of his duties, if made in good faith and of actual benefit to the estate. The trial court heard the evidence and observed the witnesses before it and we cannot now say in review that W. A. Jay did not act in good faith or that the credits allowed him by the court below were improper. As to the allowance of credit for expenses for which no vouchers were produced, we affirm that this was a matter for the trial court's discretion and not subject to review unless clearly erroneous. Sims v. Reinert, 285 Ala. 658, 235 So.2d 802; Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598. As indicated above we find no such error.

■ We come now to consideration of the question raised by appellant as to the proper manner by which her homestead exemption should be determined. The implication of the decree of the trial court is that the homestead exemption shall be determined in the manner prescribed by the statutory laws of this state. Certainly, in this, the trial court committed no error, but to prevent any misunderstanding and obviate the possible necessity of another appeal, we deem it advisable to comment on what we consider the applicable law to be. Both appellant and appellees rely on the case of Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204, as authority for their respective arguments. We do not consider *Ganus* controlling here because in *Ganus* the amount of land involved was less than 160 acres, whereas here we are dealing with

**518**

390 acres. If such a distinction appears to be illogical and nebulous the fault lies with the legislature. Because the decedent W. M. Jay owned some 390 acres of land in Alabama, the applicable statute is § 661, Title 7, Code of Ala.1940, Recomp.1958. From a reading of that statute we hold that where a person dies with a will devising his homestead and owning more than 160 acres of land and leaving surviving him a widow but no children, the widow is entitled to a life estate in a homestead which may not exceed 160 acres in area. Thus the limitations on area as set out in said code section are to be applied here.

■ Appellant also insists that the trial court erred in taxing one-half of the court costs to appellant. The rule in the case cited by appellant is as follows:

"An 'improper' exercise of discretion appears when the record, after indulging all fair intendments in favor of the ruling, discloses the taxation of costs was unjust and unfair. Otherwise the action of the trial court should not be disturbed." Dozier v. Payne, 244 Ala. 476, 14 So.2d 376, 377.

We have carefully examined the record and are unable to find wherein the taxation of costs by the lower court was unjust or unfair. Therefore we hold that the trial court is not due to be reversed on this ground.

For the reasons discussed at length above, we hold that the Amended Final Decree of the trial court must be modified and revised as follows: That portion of the decree entitled "RECAPITULATION —EXECUTOR ACCOUNTABLE FOR" must be revised so as to provide that the executor shall be liable to the appellant (widow) for the full amount of the oil lease rentals for 1969 and 1970, viz. $550 and $390 respectively; all of the U. S. Department of Agriculture payments amounting to $1,678.18; and the entire amount representing the rental value of the pasture and croplands of the decedent used by the appellees for two and one-half years, aggregating $2,500.

The court below is further advised and directed that the homestead allotment for the widow—appellant Clydie B. Jay—is to be determined in the manner prescribed in this opinion.

Affirmed in part and reversed and remanded in part with instructions.

HEFLIN, C. J., and HARWOOD, BLOODWORTH and MADDOX, JJ., concur.