BEATTY, Justice.
This is an appeal by Donald Papan, son of Robert Papan, deceased, from an order awarding the administratrix of his father’s estate a distributive share in the assets of that estate, compensation for winding up a partnership business, and commissions as administratrix.
The deceased, Robert Papan, and his wife, Ernestine, operated a restaurant in partnership. Mr. Papan was killed in an automobile accident on March 7, 1975. On March 31, 1975 Ernestine was appointed administratrix of his estate by the probate court. She also continued to operate the restaurant. The premises in which the restaurant was located were leased for a monthly rental of $350.00, and the lease did not expire until the end of March, 1977.
In her petition for appointment as admin-istratrix, Mrs. Papan alleged that the estate was estimated at approximately One Hundred Dollars in value (represented by a chose in action). Following her appointment Donald Papan, the deceased’s son by an earlier marriage, in moving to have Mrs. Papan file an inventory, alleged that the estate consisted of assets greatly in excess of One Hundred Dollars. In due course the probate court ordered an inventory to be filed within ten days, and a partial inventory was filed. Thereafter a corrected (supplemental) inventory was also ordered, and although this order was ultimately complied with it was unsatisfactory to Donald who had the administration removed to the circuit court. When the administratrix petitioned for final settlement Donald moved to set aside the inventory and to have Mrs. Papan removed as administratrix. The trial court denied the motion to remove her, but granted the motion pertaining to the inventory by ordering a supplemental accounting. That accounting was filed on August 29, 1977. Donald then moved to set aside the supplemental inventory. A final order was entered by the court on March 30, 1978 which found, that the total estate assets amounted to $41,054.00. This order was amended on April 26, 1978 to exclude from it certain shares of stock which the trial court found to have been incorrectly included.
Those portions of the trial court’s order about which Donald complains are these:
The Court is of the opinion that inasmuch as there is no dower sought or authorized in this estate, then the provisions of Title 34, Section 42 are not applicable and the widow is, therefore, entitled to her distributive share, which, in this instance, is equal to one-half (V2) the personal estate of the decedent.

The Court finds that Ernestine Papan, as the surviving partner, is due to be *904 compensated for her efforts in winding up the partnership affairs of Papan’s Seafood. The period of time involved is found to be necessary to protect the estate assets from liability on the restaurant lease. The Court finds the sum of $500.00 a month for the 25 months between March 8, 1975 through the end of March 1977 as a just and reasonable compensation for winding up the business affairs of the Papan Seafood partnership. The total compensation allowed for this period is $12,500.00.
The Court finds the Administratrix is due to be awarded a fee in the amount of $1350.00 as reasonable compensation for her handling of the affairs of this estate.

I. The personal estate of Robert Pa-pan shall be distributed one-half to Ernestine Papan and one-half to Donald Papan after payment of all expenses, fees herein awarded and the court costs of this action.

4. The estate shall pay to Ernestine Papan the amount of $12,500.00 for her services in winding up the partnership affairs. Said sum to be a lawful expense of the estate.

6. The sum of 1350.00 is hereby awarded the Administratrix as her fee in this estate and orders said amount to be paid from the funds of this estate.

9. The business assets of Papan’s Seafood owned by the estate are declared to be jointly owned, one-half by Ernestine Papan and one-half by Donald Papan.

II. After payment of all costs, expenses and fees as set forth in this order, the remaining assets of the estate shall be distributed one-half to Ernestine Pa-pan and one-half to Donald Papan.
The appellant’s first contention is that Mrs. Papan was guilty of either willful default or gross negligence in the management of the estate, or that she failed to fulfill the orders of the court, and thus she was not entitled to compensation as admin-istratrix; on the other hand, he contends that she was liable to the estate for legal interest on estate funds she used personally while in that capacity, citing Code of Ala. 1975, § 43-2-509.
The appellant’s statement of the rule, pertaining to the conduct of the personal representative which would sanction her removal, is essentially correct. Webb v. Webb, 250 Ala. 194, 33 So.2d 909 (1948); 10 Ala.Dig., Executors & Admin. § 500. Its application, however, depends upon the existence of facts establishing willful default or gross negligence. The fact that Mrs. Papan filed as many as six separate inventories in the course of this administration, and participated in almost as many hearings, did not in itself equate either willful neglect or gross negligence as a matter of law. It is true that the trial court on December 15, 1976 found that the adminis-tratrix, as surviving partner of the restaurant, had failed to conclude the partnership affairs within a reasonable time following the decedent’s death, but it is noteworthy that the trial court nevertheless continued her in that capacity with active duties to liquidate that partnership. And there is evidence in the record that Mrs. Papan continued to operate the restaurant on a regular basis. Indeed, the trial court recognized this in that part of his order we have quoted earlier. Additionally, she proceeded to institute a wrongful death action the prosecution of which was not uncomplicated, and also collected the benefits of an insurance policy half of which she distributed to Donald Papan. It is inferable from those facts that any delay in winding up the estate or in filing corrected inventories was neither willful default nor gross negligence. In any case, no loss to the estate has been shown. Webb v. Webb, supra.
With regard to the other aspect of his contention, that Mrs. Papan used estate funds as her own, a review of the record fails to establish any such contention. We quote from that record:
*905 Q You have continued to operate the Papan’s Seafood business—
A That’s correct.
Q —on a regular basis?
A That’s correct.
Q Okay. And, the monies you have received from that you have been putting back into this Papan’s Seafood account?
A It goes into one account or another.
Q And, could you tell us the names of the accounts it has gone into?
A BTNB and also First Alabama.
Q Has any of it gone into a savings account anywhere?
A I put some money in my checking account each month in order to pay my rent, because I work every day, and that’s it.
Following this examination Mrs. Papan was asked whether she put any of the money from the continued operation of the business into “an account for the Estate of Robert Papan.” Her response was that she had not done so because she had been trying to make a living since his death. None of this evidence would have justified a reasonable inference that Mrs. Papan had used estate funds as her own, and thus she would not have been accountable for either profit or interest. Collins v. Clements, 199 Ala. 618, 75 So. 165 (1917), cited by the appellant, is inapplicable to these facts. Cf. Johnson v. Holifield, 82 Ala. 123, 2 So. 753 (1887).
The appellant maintains next that because Mrs. Papan, as surviving partner, continued the operation of the restaurant, she was liable for any profits made in that operation, and that the heir of the decedent was entitled to all such profits. In effect this is an attack upon the trial court’s award to Mrs. Papan of the $12,500.00 as compensation for winding up the business.
Title 43, § 5(18)(f), Alabama Code (Re-comp.1958) (now Code of A7a.l975, § 10-8-43(6)) mandates that “. . .a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs.” The trial court found that Mrs. Papan had executed such a windup, and determined that her reasonable compensation was the sum of $500.00 per month, or $12,500.00 for the twenty-five month period. Considering the fact of the lease outstanding together with the nature of the business, we cannot conclude either that continuation of the business was unjustified, cf. Jay v. Jay, 289 Ala. 513, 268 So.2d 788 (1972), or that the amount awarded for those services was inappropriate.
The appellant also quarrels with the amount of fees, $1,350.00, awarded to the administratrix as such. He contends that this sum is in excess of that sum authorized by Code of Ala., § 43-2-680 (formerly Tit. 61, § 377, Alabama Code (Recomp.1958), because, he maintains, the total estate receipts were $41,000.54.
Our calculations establish that two and one-half per cent of $41,000.54 amounts to $1,025.01, which sum is less than that awarded by the trial court by $324.99. However, rather than authorizing only a strict limit upon allowable commissions, § 43-2-680 authorizes “. . . for special or extraordinary services, such compensation as is just . . . .” The record discloses that, after deducting Mrs. Papan’s partner’s share, the restaurant made a profit of $12,800.68 from her continued operation of it. At the very least this operation avoided a liability of almost Nine Thousand Dollars on the outstanding lease. The relatively small supplement to her administration fees, accordingly, could have been found by the trial court to be allowable as “special services,” since clearly she was not obligated to continue such a demanding enterprise.
The final point raised by the appellant concerns the application of Tit. 34, § 42, Alabama Code (Recomp.1958) (now Code of Ala.1975, § 43-5-3):
(a) If any woman having a separate estate survives her husband, and such separate estate, exclusive of the rents, incomes and profits, is equal to, or greater in value than, her dower interest and distributive share in her husband’s estate, estimating her dower interest in his lands at seven years rent of the dower interest, *906 she shall not be entitled to dower in, or distribution of, her husband’s estate.
The appellant maintains that Mrs. Papan possessed a separate estate in excess of her one-half interest in the decedent’s estate and that, consequently, she was not entitled to a one-half interest in that estate.
In Guice v. Guice, 150 Ala. 552, 43 So. 199 (1907) this Court construed the forerunner of the applicable section:
These sections do not contemplate a case where there is no possible dower interest, nor a case where there is no personalty to be distributed. But they do contemplate all cases where there is present a surviving widow, an estate out of which dower may be taken and personalty distributed, and the widow possesses a separate estate. The absence of any one or more of these elements defeats the application of these statutes ... to such case, (emphasis added)
Accord, Herring v. Elliott, 218 Ala. 203, 118 So. 391 (1928).
The appellant states in brief that the facts of this case establish that the decedent owned real estate at the time of his death, but he cites nothing in the record to substantiate that conclusion. He cites his motions filed in the court below to have Mrs. Papan list that real estate. Her failure to do so is certainly not evidence that ownership of any such property existed. The only reference in the record to any such interest occurred when Mrs. Papan referred to some property located in Yugoslavia which was in Mr. Papan’s grandfather’s name. No records, deeds, evidence of heir-ship, estate administration, or otherwise was ever introduced to show that Mr. Pa-pan owned any property interest there at the time of his death. For that reason the statute cited can have no application here.
There being no reversible error in the record, the judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.