ESTATE OF O. W. NEWMAN, JR., DECEASED, ADELLE B. NEWMAN AND FREIDA N. MILLER, CO-EXECUTRICES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Newman v. Commissioner
Docket No. 10523-76.
United States Tax Court
T.C. Memo 1979-223; 1979 Tax Ct. Memo LEXIS 301; 38 T.C.M. (CCH) 898; T.C.M. (RIA) 79223; June 6, 1979, Filed Jack F. Witcher and Carl W. McPherson, for the petitioner. Stanley H. Smith, Jr., for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge *302 : Respondent determined a deficiency of $25,101.12 in petitioner's Federal estate tax. The sole issue for decision is whether purported disclaimers that comply with the requirements of section 2056(d)(2), [1] but are invalid under state law, qualify as disclaimers for purposes of determining the marital deduction. All of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Adelle B. Newman and Freida N. Miller are co-executrices of the estate of Oscar W. Newman, Jr., also known as O. W. Newman, Jr., deceased (the decedent). At the time of filing the petition herein, they both resided at Waco, Georgia. The decedent died testate on June 29, 1973, a resident of Haralson County, Georgia. His will was probated in the Court of Ordinary, Haralson County, Georgia, on August 6, 1973, by which time all takers or heirs of his property had been ascertained. The Federal estate tax return for the estate was timely filed with the Internal Revenue Service *303 Center, Chamblee, Georgia. The decedent's will provided, in relevant part, as follows: ITEM THREE
I give, bequeath and devise to my wife, Adelle B. Newman, and my children, Freida N. Miller, Teresa J. Newman, Rebecca G. Newman, and my stepson, Ronald F. Newman, in equal shares, share and share alike, the Note and Security Deed from The Scales Corporation to myself under date of April 25, 1972, in the principal amount of Two Hundred Fifty-Six Thousand Nine Hundred Eighty ($256,980.00) Dollars. In the event there is a default in said Note and Security Deed and it becomes necessary to foreclose same or to take the land back, then I give, bequeath and devise the land described in said deed to my wife, children and stepson, in equal shares, share and share alike. ITEM FOUR
All the rest, residue and remainder of my estate, of every kind and character, and wherever located, I give to my beloved wife, Adelle B. Newman, in absolute fee simple title. PROVIDED, that if my said wife is not in life at the time of my death, then I give, bequeath and devise all the rest, residue and remainder of my estate to my three childre [sic], Freida N. Miller, Teresa J. Newman and Rebecca *304 G. Newman, and my stepson, Ronald F. Newman, in absolute fee simple title, share and share alike. On March 27, 1974, two days before the Federal estate tax return was due to be filed, Freida N. Miller, Rebecca G. Newman, and Ronald F. Newman each executed without consideration a document purporting to be a disclaimer or renunciation of their interests under the decedent's will. At the time of execution, none of them were under any legal disability. These documents were filed with the Court of Ordinary of Haralson County, Georgia, and on March 28, 1974, an order was entered by the court approving the disclaimers. However, the parties have stipulated that such order was erroneous and that such "disclaimers" were invalid and ineffective under Georgia law because they were not filed within six months of the decedent's death or within six months after the ascertainment of the taker of the disclaimed property as required by Georgia law. See Ga. Code Ann. sec. 113-824 (1975). [2]
*305 Petitioner argues that the "disclaimers" are nevertheless effective for the purpose of determining the property that passed to decedent's wife and of computing the marital deduction for the Federal estate tax because they comply with the requirements of section 2056(d)(2)(A). [3] Respondent contends that the disposition of this case is controlled by our holding in Estate of Caswell v. Commissioner,62 T.C. 51 (1974), that disclaimers must be valid under local law in order to be effective for purposes of section 2056(d). We agree with respondent. *306 Petitioner attempts to distinguish Estate of Caswell v. Commissioner,supra, on the ground that the purported disclaimers in that case did not meet the requirements of section 2056(d)(2) and argues that this fact, rather than the fact that they were invalid under state law, was the foundation of our holding. In Caswell, heirs of the decedent had first transferred their property interests to the surviving spouse by deed and subsequently had filed renunciations with the appropriate state court. Admittedly, we found it unnecessary to determine whether the renunciations were valid under state law because they were not filed within the time limits prescribed by section 2056(d)(2). 62 T.C. at 58. However, our decision that the deed did not qualify as a disclaimer, as the taxpayer contended, was clearly premised on our holding that a disclaimer must be valid under state law in order to qualify under section 2056(d)(2). 62 T.C. at 55-56. Petitioner emphasizes that neither the statute nor respondent's regulations expressly require that a disclaimer be valid under state law to be effective and infers from this silence that Congress did *307 not intend to impose such a requirement. Although petitioner is right that the statute is silent, Congress' intent that a disclaimer must be valid under state law is unequivocally expressed in the legislative history of section 2056(d)(2). H. Rept. 1513, to accompany H.R. 483 (Pub. L. 89-621), 89th Cong., 2d Sess. 4 (1966); S. Rept. 1599, 89th Cong., 2d Sess. 5 (1966), 1966-2 C.B. 798, 801. For a discussion of the legislative history, see Estate of Caswell v. Commissioner,supra.We find no support for petitioner's claim that references in the Senate and House reports indicate only that initial drafts of the bill contained language that required disclaimers be valid under state law. To the contrary, neither the House nor Senate version, to which the committee reports refer, contained such language. See H.R. 483, 89th Cong., 1st Sess., as introduced on January 4, 1965, as reported by the House Ways and Means Committee on May 10, 1966, as passed by the House on August 11, 1966, as introduced in the Senate on August 12, 1966, as reported to the Senate on September 13, 1966, and as passed by the Senate on September 15, 1966. See also H. Rept. 1513, *308 supra at 1-2; S. Rept. 1563, supra at 1-2, 1966-2 C.B. 798-799. None of petitioner's remaining arguments justify our deviating from or reconsidering our holding in Caswell. Petitioner's argument that the Georgia legislature did not intend to affect Federal taxation when it enacted a statute governing disclaimers misses the point. The question here is not what the Georgia legislature intended but, rather, what the United States Congress intended. Cf. Commissioner v. Estate of Bosch,387 U.S. 456, 463 (1967). The argument that a holding for respondent herein will imply that a valid disclaimer could not be made in Georgia prior to 1972, because there was no statute governing disclaimers, is also without merit. Where an issue before a Federal court is governed by state law, the Federal court applies what it determines to be that law. See Commissioner v. Estate of Bosch,supra at 465. If the state has no pertinent statute or case law on the question, then the Federal court determines what rule of law the state courts would adopt if presented with the question. Doetsch v. Doetsch,312 F.2d 323, 327-328 (7th Cir. 1963). *309 See also Risher v. United States,465 F.2d 1, 4 (5th Cir. 1972); Gordon v. Commissioner,70 T.C. 525, 531 (1978). Petitioner also relies on the fact that section 2518 provides a Federal definition of disclaimer, effective for disclaimers made after December 31, 1976, as evidence that this was the Congressional intent in enacting section 2056(d)(2). (See footnote 3, supra.) The opinion of a later Congress on the meaning of a statute enacted by an earlier Congress, although accorded some consideration, is not controlling. Estate of Stoll v. Commissioner,38 T.C. 223, 247 (1962). However, even apart from this rule of statutory construction, the legislative history of the Tax Reform Act of 1976 is not helpful to petitioner because it indicates that Congress believed that the law, prior to its amendment in 1976, required disclaimers to be valid under state law. See H. Rept. 94-1380 66 (1976), 1976-3 (Vol. 3) C.B. 735, 800. Finally, we think that petitioner has failed to recognize the basic issue involved in this case. The "renunciation of succession" provisions contained in section 113-824 of the Georgia Code (footnote 2, *310 supra) do more than establish a time sequence for the filing of the appropriate document; they deal in substantive terms with the devolution of property interests upon death. For purposes of the estate tax, the issue of what legal rights and interests are created is determined under state law. Morgan v. Commissioner,309 U.S. 78, 80 (1940); Aldrich v. United States,346 F.2d 37 (5th Cir. 1965); Estate of Hoenig v. Commissioner,66 T.C. 471, 477 (1976). It is clear to us that, when section 113-824 of the Georgia Code is applied in light of the stipulation of the parties that the order of the Georgia court was erroneous and the "disclaimers" of the three children were "invalid and ineffective," no legal right or interest passed to the widow, at least insofar as qualification for the marital deduction herein is concerned. In view of the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the date of death.↩
2. 113-824 Renunciation of succession (a) A person (or his personal representative) who is an heir, devisee, person succeeding to a renounced interest, beneficiary under a testamentary instrument or person designated to take pursuant to a power of appointment exercised by a testamentary instrument may renounce in whole or in part the succession to any property or interest therein by filing a written instrument within the time and at the place hereinafter provided. The instrument shall (1) describe the property or part thereof or interest therein renounced, (2) be signed by the person renouncing and (3) declare the renunciation and the extent thereof. (b) The writing specified in (a) must be filed within six months after the death of the decedent or the donee of the power, or if the taker of the property is not then finally ascertained not later than six months after the event by which the taker of the interest is finally ascertained. The writing must be filed in the court of the county where proceedings concerning the decedent's estate are pending, or where they would be pending if commenced. A copy of the writing also shall be mailed to the personal representative of the decedent. (c) Unless the decedent or donee of the power has otherwise indicated by his will, the interest renounced, and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest renounced, passes as if the person renouncing had predeceased the decedent, or if the person renouncing is one designated to take pursuant to a power of appointment exercised by a testamentary instrument, as if the person renouncing had predeceased the donee of the power. In every case the renunciation relates back for all purposes to the date of death of the decedent or the donee, as the case may be. (d) Any (1) assignment, conveyance, encumbrance, pledge or transfer of property therein or any contract therefor, (2) written waiver of the right to renounce or any acceptance of property by an heir, devisee, person succeeding to a renounced interest, beneficiary or person designated to take pursuant to a power of appointment exercised by testamentary instrument, or (3) sale or other disposition of property pursuant to judicial process, made before the expiration of the period in which he is permitted to renounce, bars the right to renounce as to the property. (e) The right to renounce granted by this section exists irrespective of any limitation on the interest of the person renouncing in the nature of a spendthrift provision or similar restriction. (f) This section does not abridge the right of any person to assign, convey, release, or renounce any property arising under any other section of this Code or other statute. (g) Any interest in property which exists on the effective date of this section, but which has not then become indefeasibly fixed both in quality and quantity, or the taker of which has not then become finally ascertained, may be renounced after the effective date of this section as provided herein. An interest which has arisen prior to the effective date of this section in any person other than the person renouncing is not destroyed or diminished by any action of the person renouncing taken under this section. (Acts 1972, pp. 452, 453.) [Emphasis added.]↩
3. Section 2056(d)(2), which was deleted by section 2009(b)(4)(D), Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1894, provided as follows: SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE * * *
(d) Disclaimers. -- * * *
(2) By any other person. -- If under this section an interest would, in the absence of a disclaimer by any person other than the surviving spouse, be considered as passing from the decedent to such person, and if a disclaimer of such interest is made by such person and as a result of such disclaimer the surviving spouse is entitled to receive such interest, then -- (A) if the disclaimer of such interest is made by such person before the date prescribed for the filing of the estate tax return and if such person does not accept such interest before making the disclaimer, such interest shall, for purposes of this section, be considered as passing from the decedent to the surviving spouse, and (B) if subparagraph (A) does not apply, such interest shall, for purposes of this section, be considered as passing, not to the surviving spouse, but to the person who made the disclaimer, in the same manner as if the disclaimer had not been made.↩