HOLMES, Judge.
The nontenured teacher appeals from a summary judgment rendered in favor of the Board of Education and certain of its officials.
The teacher filed suit against her employers after she received notice that her contract of employment was not being renewed for the succeeding year. She brought a breach of contract action and also sought damages under 42 U.S.C. § 1983 (1982), alleging that the Board of Education and certain of its officials had deprived her of her constitutional rights to due process, equal protection, and free speech.
Her employers filed a motion for summary judgment. The affidavit attached to the motion for summary judgment was sworn to by the Superintendent of the Board of Education and stated the following pertinent facts: The employee was not a tenured teacher; the employee’s contract of employment was not being renewed for the following year; the employee was given notice of this fact prior to the last day of her existing one-year term of employment with the City; and the Board of Education voted unanimously against renewing the nontenured teacher’s teaching contract.
After a hearing on the motion, the trial court entered a summary judgment against the teacher.
The teacher timely appealed to the Supreme Court of Alabama, which transferred the case to this court on September 22, 1987. We affirm.
It is well settled under Alabama law that a nontenured or probationary teacher does not have a right to be re-employed. Foster v. Blount County Board of Education, 340 So.2d 751 (Ala.1976). Indeed, she may be summarily terminated at the expiration of the period covered by the contract, usually a year. State v. Board of Education, 252 Ala. 254, 40 So.2d 689 (1949).
It is also well settled that a nontenured teacher is not entitled to a hearing on the issue of the nonrenewal of her employment contract. Foster, 340 So.2d 751; see Ala. Code (1975), §§ 16-24-2, -9.
The basic legal requirement regarding nonrenewal of a nontenured teacher’s employment contract is that she be given proper notice of its nonrenewal — namely, “on or before the last day of the term of the school in which the teacher is employed.” See Ala. Code (1975), § 16-24-12.
Notwithstanding the established law on employment contracts of nontenured teachers in Alabama, the teacher contends that certain published policies of the Board of Education prevented her summary “dismissal.” We need not elaborate on this point, other than to say that the teacher was not “dismissed”; on the contrary, her employment contract was not renewed. Thus, the aforesaid policies, if indeed germane under some facts, do not apply here.
In short, the record before this court reveals that the officials complied fully with all applicable laws, regulations, and policies regarding the re-employment of nontenured teachers. Therefore, unless the teacher’s 42 U.S.C. § 1983 (1982) claim has any merit, the trial court properly entered a summary judgment against the teacher, since the supporting affidavit in the instant case clearly showed that there was no genuine issue as to any material fact and judgment was entitled as a matter of law. Savage v. Wright, 439 So.2d 120 (Ala.1983).
We find no merit in the teacher’s due process and equal protection arguments. Regarding the free speech issue, the teacher’s affidavit opposing the sum *146 mary judgment motion stated that she was told, “that the only reason for my termination was ‘political’ in nature.” Such a hearsay allegation does not raise an issue of either law or fact such as to defeat the motion as required by Rule 56, Alabama Rules of Civil Procedure. See Meriwether v. Crown Investment Co., 289 Ala. 513, 268 So.2d 780 (1972) and Day v. Merchants National Bank, 431 So.2d 1254 (Ala.1983).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.