MONROE, Judge.
This is an appeal from a judgment on a petition seeking the return of certain personal property to an estate.
In December 1992, 69-year-old Willodean Duke Cray was taken to a hospital emergency room. At first it was thought that she was suffering from gallbladder problems, but it was later determined that she had suffered a major heart attack and would have to undergo open heart surgery. She was told that she could not wear her rings to surgery, and it is undisputed that she asked that her niece Margaret Ann Coley keep them for her. It is also undisputed that, on the way to surgery, Cray, in the presence of her minister, Paul Ingram, asked Margaret Ann if she had the rings and told Margaret Ann that she wanted her to keep them if she died in surgery.
Cray died in surgery. Cray’s sister, Margie Walker, and another niece, Nancy Duke, were appointed as co-administratrices of her estate. In administering the estate, they filed a petition asking that Margaret Ann be required to return to the estate the rings and also an automobile that Cray had previously given to Margaret Ann. The parties stipulated that the rings were valued at more than $5,000. This action was initiated as an estate proceeding in the probate court, but was removed to the circuit court by Margaret Ann in October 1993.
The trial court entered its judgment on June 8,1994, finding that Cray made a gift to Margaret Ann of the car during Cray’s lifetime, but finding that Cray had not met the requirements of a gift causa mortis of the rings to Margaret Ann. The trial court specifically found that Cray had surrendered possession of the rings to Margaret Ann; that Cray had intended that Margaret Ann become the owner of the rings if Cray did not survive surgery; and that Cray intended ownership to pass only upon her death. However, the trial court further found that Margaret Ann had not proven that, at the time Cray gave possession of the rings to Margaret Ann or at the time she verbally communicated her intent regarding the rings, Cray believed her death to be imminent. Margaret Ann appeals.
*353 Margaret Ann contends that the trial court erred in finding that the elements of a gift causa mortis had not been met. She argues that the trial court misinterpreted the requirement that the gift be made in immediate apprehension of death.
There is no recent Alabama case law regarding gifts causa mortis. However, our Supreme Court has established the following guidelines for such gifts:
“A gift causa mortis is a gift of personal property made in the immediate apprehension of death, subject to the conditions, express or implied, that if the donor should not die, as expected, or if the donee should die first, or if the donor should revoke the gift before death, the gift should be void; or a gift made ‘in expectation’ of death, then imminent, and upon the essential condition that the property shall belong fully to the donee, in case the donor dies, as anticipated, leaving the donee surviving him, and the gift is not in the meantime revoked, but not otherwise.
“It is essential to the validity of a gift causa mortis that the property be delivered to the donee, either actually or constructively.”
Barnes v. Barnes, 174 Ala. 166, 168-69, 56 So. 958 (1911) (citations omitted).
In Reedy v. Kelley, 206 Ala. 132, 89 So. 275 (1921), the Alabama Supreme Court dealt with the issue of whether a gift was made “in the immediate apprehension of death.” Reedy was drafted into the U.S. Army during World War I. He had a foreboding that he would be killed while serving in the army, and told Kelley that Kelley could have his mule if he did not return. Reedy was killed while fighting in France, and Kelley wanted title to the mule. The Alabama Supreme Court held that no gift causa mortis was established because, even though the death apprehended need not occur within any given time, there was no evidence that at the time Reedy made the gift to Kelley, there was “presence at the time of a fear of an impending imminent peril or approach of death therefrom.” Id. at 133-34, 89 So. 275. The court also stated that “[t]he natural apprehension of an alleged donor that he will lose his life in a military service into which he is entering at the time his intention to make the gift is unmistakably manifested [citation omitted] is not the character or quality of apprehendedly imminent, impending danger or death that will answer the stated essential condition to a gift causa mortis.” Id. at 133, 89 So. 275.
In this case, however, the donor had a realistic fear of impending imminent peril. The record reveals that, when Cray verbally communicated to Margaret Ann and the minister her intent that Margaret Ann keep the rings if Cray died during surgery, Cray knew that she was about to undergo open heart surgery and that there was a serious risk of death. Furthermore, although the appellate court did not have to determine whether the gifts were made with the “immediate apprehension of death,” in two cases with facts similar to the present case, the court found that the conveyances were valid gifts causa mortis. See Smith v. Eshelman, 235 Ala. 588, 180 So. 313 (1938) (where the donor made the gift as he was about to undergo an operation); and Benson v. Jefferson Mortgage Co., 276 Ala. 72, 159 So.2d 191 (Ala.1963) (where the donor had been sick for quite some time with heart disease when he made the gift).
We find the testimony by Margaret Ann and the minister to be sufficient proof that the gift of the rings was made “in immediate apprehension of death” to support a finding of a valid gift causa mortis.
The judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.